## UNITED STATES *v.* SMITH.

CERTIFICATE OF DIVISION OF OPINION FROM THE CIRCUIT COURT OF THE UNITED STATES FOR THE SOUTHERN DISTRICT OF NEW YORK.

Argued January 16, 1888. — Decided February 6, 1888.

Section 3639 of the Revised Statutes does not apply to clerks of a collector of customs.

Clerks of a collector of customs are not appointed by the head of a department, and are not officers of the United States in the sense of the Constitution.

THE court stated the case as follows:

This case comes from the Circuit Court for the Southern District of New York, on a certificate of division of opinion between its judges. The defendant was a clerk in the office of the collector of customs for the collection district of the city of New York, and in 1886 was indicted for the unlawful conversion to his own use of public money, an offence designated in the Revised Statutes as embezzlement of such money. The indictment contains seventy-five counts, each charging the defendant with a separate act of embezzlement. The counts were all in the same form, and the objections to one are equally applicable to the whole of them. The first one is as follows:

" The jurors of the United States of America within and for the district and circuit aforesaid, on their oath present that Douglas Smith, late of the city and county of New York, in the district and circuit aforesaid, heretofore, to wit, on the eleventh day of October, in the year of our Lord one thousand eight hundred and eighty-three, at the southern district of New York, and within the jurisdiction of this court, he, the said Douglas Smith, being then and there a person charged by an

act of Congress with the safe keeping of the public moneys, to wit, a clerk in the office of the collector of customs for the collection district of the city of New York, appointed by the collector of customs, with the approbation of the Secretary of the Treasury, and having then and there in his custody a large sum of public money, to wit, the sum of ten and $\frac{50}{100}$ dollars, did unlawfully fail to keep the same, but the same did unlawfully convert to his own use, against the peace of the United States and their dignity, and contrary to the statute of the United States in such cases made and provided."

The indictment is founded on § 5490 of the Revised Statutes, which is as follows :

"Every officer or other person charged by any act of Congress with the safe-keeping of the public moneys, who fails to safely keep the same, without loaning, using, converting to his own use, depositing in banks, or exchanging for other funds than as specially allowed by law, shall be guilty of embezzlement of the money so loaned, used, converted, deposited, or exchanged ; and shall be imprisoned not less than six months nor more than ten years, and fined in a sum equal to the amount of money so embezzled."

The law providing for the safe-keeping of the public moneys is found in § 3639 of the Revised Statutes, which is as follows :

"The Treasurer of the United States, all assistant treasurers, and those performing the duties of assistant treasurer, all collectors of the customs, all surveyors of the customs, acting also as collectors, all receivers of public moneys at the several land offices, all postmasters, and all public officers of whatsoever character, are required to keep safely without loaning, using, depositing in banks, or exchanging for other funds than as specially allowed by law, all the public money collected by them, or otherwise at any time placed in their possession and custody, till the same is ordered, by the proper department or officer of the Government, to be transferred or paid out ; and when such orders for transfer or payment are received, faithfully and promptly to make the same as directed, and to do and perform all other duties as fiscal agents of the Government which may be imposed by any law, or by any regulation

of the Treasury Department made in conformity to law. The President is authorized, if in his opinion the interest of the United States requires the same, to regulate and increase the sums for which bonds are, or may be, required by law, of all district attorneys, collectors of customs, naval officers, and surveyors of customs, navy agents, receivers and registers of public lands, pay-masters in the army, commissary general, and by all other officers employed in the disbursement of the public moneys, under the direction of the War or Navy Departments."

The law providing for the employment of clerks by collectors of customs is found in § 2634 of the Revised Statutes, which is as follows:

"The Secretary of the Treasury may, from time to time, except in cases otherwise provided, limit and fix the number and compensation of the clerks to be employed by any collector, naval officer, or surveyor, and may limit and fix the compensation of any deputy of any such collector, naval officer, or surveyor."

To the indictment the defendant filed a demurrer, and upon its hearing the following questions occurred, upon which the judges were divided in opinion:

"1. Does the indictment sufficiently charge an offence under § 5490, Revised Statutes?

"2. Is a clerk in the office of the collector of customs for the collection district of the city of New York, appointed by the collector of customs, with the approbation of the Secretary of the Treasury, by virtue of § 2634 of the Revised Statutes, a person charged by any act of Congress with the safe-keeping of public moneys?

"3. Was the defendant appointed by the head of a department, within the meaning of the constitutional provisions (Art. II, Sec. 2) upon the subject of the appointing power?"

Thereupon, on the request of the District Attorney, the questions were certified to this court, with a copy of the indictment and an abstract of the record, for final decision.

*Mr. Solicitor General* for the United States.

The second question assumes the clerk was appointed by the collector with the approbation of the Secretary of the Treasury. The legality of such appointment under the Constitution is raised by the next question. The real inquiry involved in this is: is such a person as is described in the question charged by any act of Congress with the safe keeping of public money? Section 3639 of the Revised Statutes expressly charges "all public officers of whatsoever character" by declaring they "are required to keep safely . . . all the public money . . . at any time placed in their possession." The words "of whatsoever character" are sufficiently comprehensive to embrace any and every officer in the public service. The enumeration in the former part of the section of a number of those who are bonded officers, and whose express duties are to collect and keep public money, does not imply that they only were intended to be the persons liable to the penalties of the section. Such an interpretation would be equivalent to striking out of the section the clause "and all public officers of whatsoever character." It would be doing no less violence to the intent of the section to add to those words a clause "who by law are charged with the collection, holding, and paying out of public money." That these nor any equivalent words are not found in the enactment, when the lawmakers had all the words of the English language at their disposal, is sufficient evidence to the judiciary that such a limitation was not intended. No more apt words could have been selected to include any and every public officer than those used; nor could a more clear charge have been made on any and every such person than that they "are required to keep safely." To narrow the requirements of the statute would clog the transaction of the public business; and unduly burden, without sufficient protection of law, the chief officers charged with the collection, holding, and payment of public moneys.

In the magnitude of the governmental business it is impossible for the Treasurer of the United States to personally carry the funds he is required to disburse to the numerous recipients of them. His duties are necessarily at his desk, and others under his direction, his clerks, his messengers, and his watch-

men, must and do, practically, have the funds placed in their charge. If he were required by law to do all his counting, transmitting, and carrying, the governmental business would be practically stopped. To relieve the public officers under him from the sanction of punishment, in case they convert the money which he must from necessity place in their possession and custody, would subject him to risk without affording him the protection which the law clearly intended he should have. The same difficulties and hardships would, in a greater or less degree, exist with reference to every receiving and disbursing officer of the government.

*United States* v. *Hartwell*, 6 Wall. 385, furnishes an affirmative answer by the court to the question under consideration.

As to the third question, the second section of Article II of the Constitution so far as material is: The President . . . shall nominate, and by and with the advice and consent of the Senate, shall appoint ambassadors, other public ministers and consuls, judges of the Supreme Court, and all other officers of the United States, whose appointments are not herein otherwise provided for, and which shall be established by law: but the Congress may by law vest the appointment of such inferior officers, as they think proper, in the President alone, in the courts of law, or in the heads of Departments. ·

The President shall have power to fill up all vacancies that may happen during the recess of the Senate, by granting commissions which shall expire at the end of their next session.

The indictment alleges, and the demurrer admits, the defendant was a " clerk in the office of the collector of customs for the collection district of the city of New York, appointed by the collector of customs, with the approbation of the Secretary of the Treasury." The constitutional provision above quoted does not prescribe a mode of procedure — it only establishes a principle. The mode by which Congress is to execute the principle has not been uniform. Sometimes an office has been established in express terms, but much more frequently the inferior subordinate offices have been established by clauses in the appropriation bills providing for the payment of salaries,

from which the law, by implication, has been construed to establish the office.

Section 2634 of the Revised Statutes establishes the office of clerk in the office of the collector of customs by authorizing the Secretary of the Treasury to fix the number to be employed and the compensation to be paid them. This implies the appointment of such officers, and that compensation shall be paid them. Section 3687 of the Revised Statutes, by a permanent appropriation, provides for the payment of the expenses of collecting the revenue from customs, and § 2639 includes in those expenses clerk hire. The office is, therefore, established, with a permanent provision for the payment of the salary. Section 169 of the Revised Statutes authorizes each head of a Department to "employ in his Department such number of clerks . . . and at such rates of compensation respectively as may be appropriated for by Congress from year to year." This last section has been accepted and acted upon without dispute as a sufficient vesting under the Constitution of the power of appointment in the heads of the several Departments, the word "employ" in the section having been interpreted as equivalent to "appoint."

Section 249 of the Revised Statutes declares: "The Secretary of the Treasury shall direct the superintendence of the collection of the duties on imports and tonnage as he shall judge best." The power thus vested, authorizing the Secretary of the Treasury to fix the number and compensation of the clerks, with general power of superintendence as he should judge best, is fully as comprehensive as the word "employ" or "appoint," and is a sufficient grant of power under the Constitution to the Secretary of the Treasury to appoint. The appointment was made in this case "by the collector of customs, with the approbation of the Secretary of the Treasury." The case of United States v. Hartwell, 6 Wall. 385, rules substantially: (1) That one engaged in the public service, appointed pursuant to law, with his compensation fixed by law, and his duties continuing and permanent is a public officer; (2) That a clerk in the office of the assistant treasurer of the United States at Boston is a public officer; (3) That

an appointment by the assistant treasurer at Boston, with the approbation of the Secretary of the Treasury, is a legal appointment under the Constitution.

. See also. *United States* v. *Germaine*, 99 U. S. 508; *United States* v. *Hartwell*, above cited.

*Mr. Elihu Root* for defendant.

MR. JUSTICE FIELD, after stating the case, delivered the opinion of the court.

The indictment in this case is in form sufficiently full and specific in its averments to embrace the offence prescribed by the statute, and yet the defendant charged is not within its provisions. He is designated as a clerk in the office of the collector of customs, and is thus shown not to be charged by an act of Congress with the safe-keeping of the public moneys, contrary to the averments of the indictment. The courts of the United States are presumed to know the general statutes of Congress, and any averment in an indictment inconsistent with a provision of a statute of that character, must necessarily fail, the statute negativing the averment. No clerk of a collector of customs is, by § 3639 of the Revised Statutes, charged with the safe-keeping of the public moneys. That section requires the treasurer of the United States, assistant treasurers, and those performing the duties of assistant treasurer, collectors of customs, surveyors of customs, acting also as collectors, receivers of public moneys at the several land offices, postmasters, and all public officers of whatsoever character, to keep safely all public money collected by them, or otherwise at any time placed in their possession and custody, till the same is ordered by the proper department or officer of the government to be transferred or paid out. They are also required to perform all other duties as fiscal agents of the government which may be imposed by law, or by any regulation of the Treasury Department made in conformity to law. A clerk of the collector is not an officer of the United States within the provisions of this section; and it

is only to persons of that rank that the term public officer, as there used, applies. . An officer of the United States can only be appointed by the President, by and with the advice and consent of the Senate, or by a court of law, or the head of a department. A person in the service of the government who does not derive his position from one of these sources is not an officer of the United States in the sense of the Constitution. This subject was considered and determined in *United States* v. *Germaine*, 99 U. S. 508, and in the recent case of *United States* v. *Mouat*, *ante*, 303. What we have here said is but a repetition of what was there authoritatively declared.

The number of clerks the collector may employ may be limited by the Secretary of the Treasury, but their appointment is not made by the Secretary, nor is his approval thereof required. The duties they perform are as varied as the infinite details of the business of the collector's office, each taking upon himself such as are assigned to him by the collector. The officers specially designated in § 3639 are all charged by some act of Congress with duties connected with the collection, disbursement, or keeping of the public moneys, or to perform other duties as fiscal agents of the government. A clerk of a collector holding his position at the will of the latter, discharging only such duties as may be assigned to him by that officer, comes neither within the letter nor the purview of the statute. And we are referred to no other act of Congress bearing on the subject, making a clerk of the collector a fiscal agent of the government, or bringing him within the class of persons charged with the safe-keeping of any public moneys.

The case of *United States* v. *Hartwell*, 6 Wall. 385, does not militate against this view. The defendant there, it is true, was a clerk in the office of the assistant treasurer at Boston, but his appointment by that officer under the act of Congress could only be made with the approbation of the Secretary of the Treasury. This fact, in the opinion of the court, rendered his appointment one by the head of the department within the constitutional provision upon the subject of the appointing power. The necessity of the Sec-

retary's approbation to the appointment distinguishes that case essentially from the one at the bar. The Secretary, as already said, is not invested with the selection of the clerks of the collector; nor is their selection in any way dependent upon his approbation. It is true the indictment alleges that the appointment of the defendant as clerk was made with such approbation, but as no law required this approbation, the averment cannot exert any influence on the mind of the court in the disposition of the questions presented. The fact averred, if it existed, could not add to the character, or powers, or dignity of the clerk. The Constitution, after providing that the President shall nominate and, by and with the advice and consent of the Senate, shall appoint ambassadors, other public ministers and consuls, judges of the Supreme Court, and all other officers of the United States, whose appointments are not otherwise provided for, which should be established by law, declares that "the Congress may by law vest the appointment of such inferior officers as they think proper in the President alone, in the courts of law, or in the heads of departments." There must be, therefore, a law authorizing the head of a department to appoint clerks of the collector before his approbation of their appointment can be required. No such law is in existence.

Our conclusion, therefore, is that § 3639 of the Revised Statutes does not apply to clerks of the collector, and that such clerks are not appointed by the head of any department within the meaning of the constitutional provision.

*It follows that our answers to the second and third questions certified to us must be in the negative. An answer to the first question is therefore immaterial.*