## REYNOLDS v. UNITED STATES.

### (District Court, E. D. Pennsylvania.   June 8, 1921.)

### No. 6768.

Courts ⬦⟶280—Question of jurisdiction not determinable on demurrer.

   Allegations of the statement of claim in an action against the United States *held* insufficient to enable the court to determine on demurrer whether or not the suit was one "to recover fees, salary or compensation for official services" of an officer of the United States, and therefore not within the jurisdiction of the court, under Judicial Code, § 24, subd. 20 (Comp. St. § 991, subd. 20).

At Law.   Action by Earl F. Reynolds against the United States. On demurrer to the statement of claim.   Overruled.

Evan B. Lewis, of Philadelphia, Pa., for plaintiff.
Charles D. McAvoy, of Philadelphia, Pa., for the United States.

DICKINSON, District Judge.   The main question raised is one of jurisdiction.   The jurisdiction is dependent upon the finding of a fact.   The turning fact is whether the claim of the plaintiff is "to recover fees, salary or compensation for official services" as an officer of the United States.   It is, of course, true that, when the facts are once established, the question resolves itself into one of law, to wit, whether the plaintiff is an officer within the meaning of the act of Congress.   This is a question which confronts the plaintiff and must be met.   Counsel for the United States are to be commended for seeking to meet this feature at the threshold of the case.   The question before us in consequence resolves itself into the very narrow one of whether this finding can now be made.

The case of United States v. Germaine, 99 U. S. 508, 25 L. Ed. 482, is authority for the recognition, in criminal statutes at least, of a distinction between employees and officers.   United States v. Mouat, 124 U. S. 303, 8 Sup. Ct. 505, 31 L. Ed. 463, recognizes the same distinction between a paymaster's clerk and an officer of the navy in the application of those terms in a claim for mileage compensation.   In the case of Hendee, 124 U. S. 309, 8 Sup. Ct. 507, 31 L. Ed. 465, a paymaster's clerk was held to be an officer of the navy in the application of those terms to a claim for longevity pay.   In United States v. Hartwell, 73 U. S. (6 Wall.) 385, 18 L. Ed. 830, in the application of a penal statute, a clerk in the office of the Assistant Treasurer of the United States was held to be an officer within the meaning of the statute then under consideration.

It is thus made clear that the word "officer" may be used by Congress in entirely different senses, and may mean one thing in one statute

and have a wholly different meaning in another. It is also clear that, even after the meaning of this statute is found, whether a particular litigant is within the statute can be determined only after an inquiry into the facts of his individual status.

The statement of claim carefully avoids, so far as possible, the averment of any facts from which a finding could be made from the statement of claim alone. The plaintiff is averred to have been "employed" —not to have held an office; the defendant calls him an officer. We do not rule that, by stating the facts as they have been stated, the plaintiff cannot be found to be an officer within the meaning of the act of Congress with which we are now concerned. We rule only that the facts upon which any ruling made must be based do not appear with sufficient certainty to justify summary judgment in favor of the defendant.

The facts probably are that the plaintiff performed services in a position to which he was appointed by the Secretary of war by authority of an act of Congress conferring the power to make such appointments. If the plaintiff is willing to meet now on his own statement of the facts the question which at the trial he must meet, leave is granted him to amend his statement of claim, so as to present the facts fully, and the defendant may then meet it by a motion to dismiss for want of jurisdiction.

The demurrer filed is formally overruled.