## MORRISON v. UNITED STATES.

District Court, S. D. New York.

April 15, 1930.

Gerald Donovan, of New York City (Francis G. Hoyt, of New York City, of counsel), for claimant.

Charles H. Tuttle, of New York City (George B. Schoonmaker, of New York City, of counsel), for the United States.

FRANK J. COLEMAN, District Judge.

On September 12, 1922, the claimant who was a petty naval officer with the rating of machinist's mate, first class, was discharged as undesirable without a court-martial, and merely by the action of his commanding officer taken under the direction of the Bureau of Navigation. At that time there was in effect the Act of July 1, 1922 (42 Stat. 800), which provided in part: "That enlisted men who have served for more than twelve but less than sixteen years shall be permitted to reenlist and continue serving, unless sooner discharged by sentence of a court-martial, until they have completed sixteen years' service, whereupon they shall, upon their own application, be permitted to transfer to the Fleet Naval Reserve."

The claimant had served for more than twelve and less than sixteen years so that he was within the purview of that statute and was improperly discharged without a court martial.

On February 19, 1925, he applied to the Navy Department for a review and reconsideration of his discharge, and on April 8, 1925, the Judge Advocate General of the Department wrote an opinion, which was approved by the Secretary of the Navy, to the effect that the discharge without court martial was not only illegal but null and void, and that the claimant's status was the same as though he had not been discharged at all. Pursuant to that ruling, the claimant returned to active service on April 27, 1925, and was honorably discharged a month later. The present action is to recover his pay for the period between the void discharge of September 12, 1922, and the final discharge on May 27, 1925, together with allowances for quarters and rations, etc.

■■ The principal point urged by the government is that the Tucker Act (28 USCA § 41(20) does not permit the bringing of this action because it expressly excludes claims by officers of the United States for fees, salary, or compensation. I am of the opinion that claimant was not an "officer of the United States" within the meaning of that statute and that therefore the court has jurisdiction of the action. The position which he held was not specifically created by statute though he was a petty officer as defined by United States Code Annotated, title 34, section 146, in that he held no commission or warrant. Section 176 (34 USCA) provided: "The Secretary of the Navy is authorized, in his discretion, to establish such grades and ratings as may be necessary for the proper administration of the enlisted personnel of the Navy and Marine Corps"—and the rating machinist's mate, first class, was apparently established under that section.

Claimant was not appointed by either the president or a cabinet officer. The filling of the position which he held as machinist's mate, first class, was provided for by section 174 of the same title which reads:

"*Rating mates from enlisted men.* Mates may be rated, under authority of the Secretary of the Navy, from men who have enlisted in the naval service for not less than two years."

The United States Code, tit. 5, section 429 (5 USCA § 429), provides:

"Except as otherwise provided in this chapter, the business of the Department of the Navy shall be distributed in such manner as the Secretary of the Navy shall judge to be expedient and proper among the following bureaus:  *  *  *

"Second.  A Bureau of Navigation. *  *  * *"

And section 430 provides:

"The several bureaus shall retain the charge and custody of the books of records and accounts pertaining to their respective duties, and all of the duties of the bureaus shall be performed under the authority of the Secretary of the Navy, and their orders shall be considered as emanating from him, and shall have full force and effect as such."

The regulations of the Department as formulated by the Bureau of Navigation provided in section 2 that a commanding officer might advance an enlisted man to the rating of any petty officer below that of chief petty officer. Claimant's position was below that of chief petty officer and he was advanced to it by the action of his commanding officer. It is true that prior to his discharge he had been advanced to the grade of chief petty officer and had been disrated to that of petty officer; and furthermore, there is some evidence, though incompetent, that at the time of his disrating the regulations provided that an advance from seaman to petty officer could be made only by action of the Bureau of Navigation; but I do not see how these facts change the situation.

It thus appears that in the statutes and regulations there was authority for advancing claimant from the position of seaman to that of machinist's mate, first class, merely by the act of his commanding officer, and this was in fact done. Under the principles laid down in the decided cases this did not make him an officer of the United States. United States v. Mouat, 124 U. S. 303, 8 S. Ct. 505, 31 L. Ed. 463; United States v. Germaine, 99 U. S. 508, 25 L. Ed. 482; United States v. Smith, 124 U. S. 525, 8 S. Ct. 595, 31 L. Ed. 534; Burnap v. United States, 252 U. S. 512, 40 S. Ct. 374, 64 L. Ed. 692; Scully v. United States (C. C.) 193 F. 185.

The government further contends that claimant was legally discharged on September 12, 1922, even without a court-martial. The wording of the Act of July 1, 1922, above quoted is directly contrary to this contention and the Navy Department recognized this in not only granting the claimant his reinstatement and honorable discharge on May 27, 1925, but also in permitting him to re-enlist and serve the term necessary to complete his sixteen years. On January 18, 1926, at the termination of the sixteen years he was transferred to the Federal Naval Reserve pursuant to statute, and, in computing the period of service, the Department credited him with the time between his illegal discharge and his reinstatement.

The government concedes that, if claimant is entitled to recover anything, it should be $5,043.72, composed of $3,269.28 for pay from September 12, 1922, to May 27, 1925; $1,914.90 for quarters and rations of which he was deprived during that period at the rate of $1.95 a day; $200 re-enlistment allowance; $152.90 traveling allowance; less $850 conceded by the claimant to have been earned by him during the period that he was out of active service. The claimant demands in addition $55 for clothing of which he was deprived on his discharge, but which cannot be recovered in this action because it is not a contractual claim; $527.87 for overtime from September 1, 1923, which would have been the date of the termination of his enlistment had he not been illegally discharged to the date of his reinstatement, but this item also must be disallowed because he was actually not rendering overtime service; $1,043.10 additional allowance for quarters and rations on the ground that the amounts allowed by executive order and conceded by the government were inadequate to meet the conditions prevailing at that time, but this item also should be rejected because I do not believe the government is under an obligation to support him in civil life, except to make him the allowances provided by law.

Judgments will accordingly be directed for the claimant in the sum of $5,043.72. Settle findings on notice.