## FOSHAY v. UNITED STATES.

District Court, S. D. New York.

Dec. 21, 1931.

Hurlbert McAndrew, of Mamaroneck, N. Y., for plaintiff.

George Z. Medalie, U. S. Atty., of New York City (Maurice De Koven, Asst. U. S. Atty., of New York City, of counsel), for the United States.

CAFFEY, District Judge.

The post office at Mamaroneck is in the first class. In 1926, the plaintiff was appointed a clerk there. He was in the classified civil service. In his complaint, he alleges that in 1931 he was wrongfully discharged. He seeks judgment for his salary since a date shortly prior to the discharge. The suit rests jurisdiction on the Tucker Act (28 USCA § 41, subd. 20).

By notice dated August 15, 1931, the government moved to dismiss the complaint for failure to state a cause of action. At the oral argument, several grounds were urged. Upon examining the papers, I concluded that none of those insisted on was

meritorious. It seemed to me that the sole question was whether or not the plaintiff was an officer of the United States. While I had the matter under consideration, I tried to get a copy of the regulations of the Post Office Department, but was unable to procure one.

On November 6, 1931, I signed a memorandum saying, in substance, that, on the authority of Morrison v. United States (D. C.) 40 F.(2d) 286, a cause of action was stated. On November 18, 1931, I made an order denying the motion.

By notice dated November 27, 1931, the government moved for leave to withdraw its answer and to renew the motion to dismiss the complaint. There has been full oral argument, briefs have been submitted, and a copy of the 1924 edition of the Postal Laws and Regulations have been furnished.

Rev. St. § 388 (5 USCA § 361) describes the Post Office Department as an executive department, and provides that the Postmaster General shall be its head. Rev. St. § 396 (5 USCA § 369) requires the Postmaster General "to superintend generally the business of the department and execute all laws relative to the Postal Service." Rev. St. § 169 (5 USCA § 43) authorizes the head of a department "to employ in his Department such number of clerks of the several classes recognized by law * * * as may be appropriated for by Congress from year to year." Rev. St. § 161 (5 USCA § 22) authorizes the head of each department "to prescribe regulations, not inconsistent with law, for the government of his department, the conduct of its officers and clerks, the distribution and performance of its business."

In conformity with the statutes mentioned above, the Postmaster General adopted the Postal Regulations of 1924. Regulation 10 assigns to the office of the Postmaster General "the appointment of the officers, clerks and employees" of the department.

Rev. St. § 391 (5 USCA § 365), as well as Regulation 332, requires that a clerk in the department take an oath, and, pursuant to section 3 of the Act of June 13, 1898 (39 USCA § 132), Regulation 354 requires that an employee of a first class post office handling money (such as the plaintiff) give bond, before entering on his duties.

This court takes judicial notice of the regulations of an executive department of the government. Caha v. United States, 152 U. S. 211, 221, 222, 14 S. Ct. 513, 38 L. Ed. 415; Thornton v. United States, 271 U. S. 414, 420, 46 S. Ct. 585, 70 L. Ed. 1013. In consequence, the court knows the provisions of the Postal Regulations of 1924. Hence it knows that the appointment of the plaintiff, described in the complaint, was made by the Postmaster General. Incidentally, it may be noted also that paragraph 3 of the complaint expressly alleges that the employment of plaintiff as clerk in the post office of Mamaroneck was "in accordance with the provisions of law applicable to such position and the rules and regulations of the United States Postal Service."

Paragraph 13 of the complaint alleges that this action is not brought to recover salary of a government officer. That disclaimer, however, is a mere conclusion. In the circumstances heretofore recited, the appointment of the plaintiff having been made by the head of the executive department in which he was serving, and he having been required to take an oath and make a bond before entering on his duties, within the decisions of the Supreme Court of the United States referred to in the Morrison Case, he was, during the period for which he seeks to recover salary, an officer of the United States. United States v. Hartwell, 6 Wall. 385, 393, 394, 18 L. Ed. 830, and the long line of Supreme Court cases following it; see also United States v. McCrory (C. C. A.) 91 F. 295, and McGregor v. United States (C. C. A.) 134 F. 187, 195, 196; cf. Krichman v. United States (C. C. A.) 263 F. 538, 542.

The Tucker Act explicitly excludes from the jurisdiction of a District Court "cases brought to recover fees, salary, or compensation for official services of officers of the United States" (28 USCA § 41, subd. 20). It follows that the order of November 18, 1931, was erroneous, and that the complaint should be dismissed.

Motion granted.