**UNITED STATES ex rel. LOTSCH v. KELLY, Marshal.**

No. 96.

Circuit Court of Appeals, Second Circuit.

Nov. 30, 1936.

William J. Millard, Warren I. Lee, and Samuel L. Miller, all of New York City, for appellant.

Lamar Hardy, U. S. Atty., of New York City (Charles J. Nager and R. V. N. Powelson, Asst. U. S. Attys., both of New York City, of counsel), for respondent-appellee.

Before MANTON, AUGUSTUS N. HAND, and CHASE, Circuit Judges.

PER CURIAM.

Appellant was indicted under section 133 of the Criminal Code (18 U.S.C. § 239 [18 U.S.C.A. § 239]), on two counts, the first charging that he "while acting as Special Master * * * did ask for * * * five hundred * * * upon the agreement and understanding that his opinions, actions, judgments and decisions as special master would be influenced thereby. * * *" The only pertinent difference in the second count is that it charged appellant with "receiving" $200. After a plea of not guilty, appellant was brought to trial, a jury sworn, and opening statements were made by counsel for the appellee and appellant. A witness for the government was sworn and testified, whereupon appellant was permitted to prove that he had not taken an oath of office as special master in the suit in which he was appointed, and upon such uncontradicted proof, on appellee's motion, the judge directed the jury to render a verdict of acquittal. The reason therefor was that, since he had not taken an oath, he was not a special master within section 133.

A second indictment was found under section 85 of the Criminal Code (18 U. S.C. § 171 [18 U.S.C.A. § 171]), containing two counts. The first charged that the appellant "represented himself to be and assumed to act as an officer of the United States, to wit, as the Special Master," and that "under color of such assumed office" was guilty of attempted extortion and that he extorsively demand-

ed $500. The second count differs only in that it charged the appellant with actually extorting $200.

A writ of habeas corpus was granted by a district judge upon appellant's petition based upon the claim that the trial under the second indictment would subject him to double jeopardy. Amendment 5, U.S.Constitution. This claim was later rejected and the writ dismissed.

We need not consider the question of double jeopardy based on the contention that section 133 embraces the crimes both of bribery and extortion and section 85 likewise covers extortion, for we think appellant cannot be held under the latter section.

The criminal law of the United States as codified (35 Stat. 1088) took effect January 1, 1910. It is clear from the scheme of codification that it was intended to specify offenses according to definite subjects within each chapter. Chapter 5, Cr.Code, deals with offenses relating to official duties. The first of these is section 85 (18 U.S.C.A. § 171), which punishes extortion. It reads: "Every officer, clerk, agent, or employee of the United States, and every person representing himself to be or assuming to act as such officer, clerk, agent, or employee, who, under color of his office * * * or under color of his pretended or assumed office * * * is guilty of extortion, and every person who shall attempt any act which if performed would make him guilty of extortion, shall be fined," etc.

Within the same chapter is section 117 (18 U.S.C. § 207 [18 U.S.C.A. § 207]), which deals with officials accepting bribes. It reads: "Whoever, being an officer of the United States, or a person acting for or on behalf of the United States, in any official capacity, under or by virtue of the authority of any department or office of the Government thereof; * * * shall ask, accept, or receive any money, or any contract, promise, undertaking * * * with intent to have his decision or action * * * influenced thereby * * * shall be fined," etc.

Chapter 6, Cr.Code, punishes "Offenses Against Public Justice." Section 133 (18 U.S.C.A. § 239), under which the appellant was first indicted, is found in this chapter. An historical note advises us that, while new, it is but an extension of the principles contained in sections 131, 132 (18 U.S.C. §§ 237, 238 [18 U.S.C.A. §§ 237, 238]). The first of these punishes the bribery of a judicial officer and the second, bribery by a judge of the United ed States. Section 133 refers specifically to a master and punishes for bribery. Appellant was released from that charge because the district judge erroneously, we believe, held that he was not a master within the statute because he had failed to take an oath. The error of that decision is not now before us.

We think the office of special master does not come within the term "officer" of section 85. The scheme of chapter 5 indicates the legislative intent, that it is not to apply to judicial officers acting in a judicial capacity. The sections which refer to court officers (sections 99, 100, 104, Cr.Code [18 U.S.C.A. §§ 185, 187, 193]) not only relate mainly to clerks, marshals, deputies, etc., but also have no bearing upon acts performed in a judicial capacity. The reason for this is evident from the title of chapter 6, Cr.Code, "Offenses Against Public Justice." In this chapter section 133 (18 U.S.C.A. § 239) is found collocated with a series of sections dealing with the destruction of records (section 129 [18 U.S.C.A. § 235]); the forging or counterfeiting of the signature of a judge or the seal of a court (section 130 [18 U.S.C.A. § 236]); bribery by a judge (section 132 [18 U.S.C.A. § 238]), juror (section 133 [18 U.S.C.A. § 239]), witness (section 134 [18 U.S.C.A. § 240]). Where the meaning of a penal statute is ambiguous, these are factors which must be considered.

It is said that "officers of the United States" are those referred to in article 2, § 2, of the Constitution. United States v. Smith, 124 U.S. 525, 532, 8 S. Ct. 595, 31 L.Ed. 534; McGrath v. United States, 275 F. 294, 300 (C.C.A.2). This section of the Constitution includes three types of inferior officers, those appointed by the President, by the courts of law, and by the heads of departments. That it is impossible to apply this definition literally in this instance becomes evident from an examination of other sections of the Criminal Code. Section 132 (18 U.S.C. § 238 [18 U.S.C.A. § 238]), for example, relates to bribery by a judge of the United States. By applying the above definition of an "officer" to a judge, he could be found guilty of bribery under

section 117 (18 U.S.C.A. § 207). There would thus be two sections of the Criminal Code (sections 132, 117) referring to the same crime and to the same offender, but with substantial variance in the punishments prescribed. The same reasoning of course applies in the case of a master (sections 117, 133). This illustrates the justification for the construction of the general language of section 85 so as not to include an offender who is elsewhere specifically designated.

■ Moreover, there is the rule that penal statutes should be construed strictly and that the designation of offenses and offenders belongs to the Legislature. As stated in Martin v. United States, 168 F. 198, 202 (C.C.A.8): "One who does not fall clearly within the class of persons specified in such a law before he performs the act charged upon him may not be brought within that class after the event by judicial construction."

The cases dealing with the meaning of officers of the United States within this and similar statutes point to the same conclusion. Though the cases do not deal with persons acting in a judicial capacity, they lay down tests which seem applicable. In United States v. Germaine, 99 U.S. 508, 511, 25 L.Ed. 482, it was held that a civil surgeon appointed by the Commissioner of Pensions was not an officer within the meaning of section 12 of the act of 1825 (4 Stat. 118), which is the equivalent of section 85. The court there said: "If we look to the nature of defendant's employment, we think it equally clear that he is not an officer. * * * In the case before us, the duties are not continuing and permanent, and they are occasional and intermittent. The surgeon is only to act when called on by the Commissioner of Pensions in some special case. * * * He is required to keep no place of business for the public use. He gives no bond and takes no oath." 99 U.S. 508, at page 511, 25 L.Ed. 482.

In a well-considered opinion in United States v. Schlierholz, 137 F. 616 (D.C.D. Ark.), a statute equivalent to section 85 was involved, and in ruling that a special agent of the Land Department was not an officer within the intendment of the statute the court reviewed at length the authorities which had followed the reasoning of the Germaine Case, and said: "There is nothing in any of the acts under which defendant was employed fixing the tenure, duration, emolument, and duties of his position. Whether they shall be continuing and permanent, or occasional and intermittent, what his duties shall consist of, what his compensation shall be, are all dependent upon the will of the Secretary of the Interior. * * * No regular appropriation to pay his compensation is made, but it is paid out of the general appropriation for the protection of timber and public lands. He is but an agent or person employed by the Secretary, removable at his pleasure, to perform such duties at such times and at such places as may be demanded of him." 137 F. 616, at page 621.

An appraiser selected for special cases by the government was held not to be an officer of the United States. Auffmordt v. Hedden, 137 U.S. 310, 326, 11 S.Ct. 103, 34 L.Ed. 674. He had no general functions and was merely selected to act in a particular case. His position was "without tenure, duration, continuing emolument or continuous duties." He acted only occasionally and temporarily. Thomas v. Chicago & C. S. Ry. Co., 37 F. 548, 549 (C.C.E.D.Mich.), wherein the statement was made, "there can be no doubt that a master in chancery is an officer of the United States," dealt with a duly appointed standing master in chancery who evidently occupied a permanent office. It was a civil case involving the designation of a depositary for certain funds paid to the master in chancery, and the act referred to was ministerial. Section 85 was not involved.

Because a special master appointed in a single case is not an officer of the United States within section 85, the writ must be sustained, and the order is reversed, with directions to dismiss the indictment.