## BASKINS v. UNITED STATES.

District Court, E. D. South Carolina.
April 6, 1940.

C. T. McDonald, of Florence, S. C., for plaintiff.

Claud N. Sapp, U. S. Atty., of Columbia, S. C., and Ben Scott Whaley, Asst. U. S. Atty. of Charleston, S. C., for defendant.

LUMPKIN, District Judge.

The complaint herein alleges in substance that the plaintiff, J. C. Baskins, after having passed the required civil service examination, was commissioned in the Bureau of Prisons as penal and correction guard on March 1, 1928, with an annual salary of $1,500; that thereafter and until September 3, 1935, he was em-

ployed at various institutions of the United States and was engaged in the discharge of duties incidental and required of him as such officer until April 1, 1930, when he was promoted and his salary increased to $1,860 per annum, and thereafter on November 1, 1930, promoted and his salary increased to $2,000 per annum; that while so employed and serving as such officer he was transferred to the federal prison at Fort Bragg, N.C., with a reduction in salary to $1,860 per annum, which reduction in rank and salary were allegedly in violation of Executive Orders of the Presidents, and that thereafter on June 1, 1935, his salary was further reduced from $1,860 per annum to $1,680 per annum; that plaintiff made certain complaints to members of the United States Senate and to officers of the office of the Attorney General of the United States, which resulted in a hearing being held by the Civil Service Commission, at which the Director of the Bureau of Prisons was required to show cause why the plaintiff was reduced both as to salary and as to rank, and that thereafter the plaintiff was returned to his active duties as guard until September 3, 1935, when on that date he received notice of an indefinite suspension from duty.

The complaint further alleges that the suspension of the plaintiff from service, the reduction of his salary, rank and position, were unjust and unwarranted and in violation of the Executive Orders of the Presidents, the rules governing the Civil Service of the United States, and that the plaintiff suffered financial damage and loss thereby; that he is entitled to be paid by the defendant his salary of $2,000 per annum from June 1, 1931, to date, less certain amounts paid to plaintiff.

As previously stated, the defendant, the United States of America, interposed its motion to dismiss this complaint, in which it is alleged that the court is without jurisdiction to hear the complaint, the plaintiff being an officer of the United States and Congress having made no provision for a suit based upon the facts set forth in the said complaint.

Title 28 U.S.C.A. Sec. 41, Subdivision 20, known as the Tucker Act, provides in part as follows: "Nothing in this paragraph shall be construed * * * as giving to the district courts jurisdiction of cases brought to recover fees, salary, or compensation for official services of officers of the United States or brought for such purpose by persons claiming as such officers * * *."

█ This, therefore, is undoubtedly a suit for back salary and restoration of rank and status and this court is without jurisdiction to hear the same if the plaintiff was an officer of the United States.

The question with which we are therefore confronted is whether, within the meaning of the applicable section of the Tucker Act referred to above, the plaintiff was an officer of the United States.

By reference to Article 2, Section 2, Clause 2, of the Constitution of the United States, the following language is found: "* * * but the Congress may by Law vest the Appointment of such inferior Officers as they think proper, in the President alone, in the Courts of Law, or in the *Heads of Departments.*" (Italics supplied.)

█ In connection with this section of the Constitution the Supreme Court of the United States in the case of United States v. Hartwell, 1867, 6 Wall. 385, 73 U.S. 385, 18 L.Ed. 830, construed the term office to mean a public station or employment conferred by the appointment of government. The term embraces the ideas of tenure duration, emolument and duties. The court in this case further held that the defendant, Hartwell, having been appointed by the head of his department within the meaning of the applicable constitutional provision upon the subject of the appointing power (Section 2, Article 2, Constitution) was an officer of the United States. See, also, United States v. Germaine, 1878, 99 U.S. 508, 25 L.Ed. 482; also Hall v. Wisconsin, 1880, 103 U.S. 5, 26 L.Ed. 302; also, Auffmordt v. Hedden, 1890, 137 U.S. 310, 11 S.Ct. 103, 34 L.Ed. 674; Fairchild v. United States, C.C.N.J., 1899, 91 F. 297; also United States v. McCrory, 5 Cir., 1899, 91 F. 295, citing with approval the Hartwell and Germaine cases, supra.

In 1904 the question was presented to the Circuit Court of Appeals for the 4th Circuit in the case of McGregor v. United States, 134 F. 187, the court there having before it the construction of a criminal statute which made it an offense for an "Officer and agent" to defraud the United

States. In that case the court held, citing the Hartwell case, that the tenure, duration, emoluments and duties of the plaintiff made him an officer of the government within the meaning of the legislation under which the said counts in the indictment were drawn, the defendant having been appointed by the Postmaster General, the head of his department. See, also, Reynolds v. United States, D.C.Pa., 1921, 273 F. 534.

In construing the identical section of the Tucker Act as the court is called on to construe here, the District Court for the Southern District of New York, in the case of Morrison v. United States, 1930, 40 F.2d 286, held in a suit to recover back salary that plaintiff was not an officer of the United States, in that he was not appointed by the Secretary of the Navy but by the Chief of the Bureau of Navigation. See, also, Foshay v. United States, D.C.N.Y., 1931, 54 F.2d 668, where a postal clerk appointed by the Postmaster General was held to be an officer within the meaning of the term.

Also, in Oswald v. United States, 9 Cir., 1938, 96 F.2d 10, the court held that a court reporter appointed by the Attorney General, the head of the Department of Justice, was an officer of the United States, and hence the court was without jurisdiction under the applicable provision of the Tucker Act.

The plaintiff in his complaint not only terms himself an officer, but was appointed by the Attorney General pursuant to Title 18, Section 753, U.S.C.A.

This court is, therefore, of the opinion that the plaintiff, J. C. Baskins, was an officer of the United States within the meaning of the applicable portions of the Tucker Act (Title 28, U.S.C.A. Sec. 41, Subdivision 20) and that, therefore, this court is without jurisdiction to entertain this cause.

Even if the plaintiff were not an officer of the United States, this court is doubtful whether it would have authority to review an administrative act of the head of a department. See Keim v. United States, 177 U.S. 290, 20 S.Ct. 574, 44 L.Ed. 774; and Love v. United States, 8 Cir., 108 F.2d 43.

The motion to dismiss the complaint should, therefore, be sustained, and the complaint is dismissed, with costs.