## SUROWITZ v. UNITED STATES.

United States District Court
S. D. New York.
Oct. 28, 1948.

Leonard J. Reich, of New York City, for plaintiff.

John F. X. McGohey, U. S. Atty., of New York City, for defendant.

RIFKIND, District Judge.

This is an action brought under the Tucker Act, by a former employee of the United States suing for unpaid salary and reimbursement of travel expenses. He alleges an employment contract with the defendant and its breach. The following allegation of the complaint is admitted in the answer:

"Fourth: That on or about August 13, 1946, plaintiff entered into a contract of employment with the defendant to serve as a War Department Attorney for the prosecution of War Crimes in the European Theater for a period of one year."

Both parties have moved for summary judgment under Rule 56, Federal Rules of Civil Procedure, 28 U.S.C.A. The defendant's motion is founded upon alleged want of jurisdiction and must therefore be considered first.

The Tucker Act, 28 U.S.C.A. § 41(20) [now § 1346(d)], provides, in part, as follows:

"Nothing in this paragraph shall be construed * * * as giving to the district courts jurisdiction of cases brought to recover fees, salary, or compensation for official services of officers of the United States * * *".

· The question is thus presented whether the plaintiff was an officer of the United States within the meaning of § 41(20).

The Government traces the authority and proceedings relating to the employment of the plaintiff as follows:

(1) Article 2, Sec. 2, Clause 2 of the Constitution provides that

"* * * the Congress may by Law vest the Appointment of such inferior Officers, as they think proper, in the President alone, in the Courts of Law, or in the Heads of Departments."

(2) Revised statutes, § 169 as amended by the Act of June 26, 1930, 46 Stat. 817, 5 U.S.C.A. § 43, authorizes the heads of departments to appoint such number of employees of the various classes recognized in the Classification Act of 1923, as amended, 5 U.S.C.A. § 661 et seq. as may be appropriated for by Congress from year to year. The department head is further authorized to delegate to subordinates the power to employ necessary personnel for the field service.[1]

(3) Acting under the authority so con-

---

[1] See also 50 U.S.C.A.Appendix, § 763, authorizing the Secretary of War to appoint civilian employees for foreign service, to which the government inexplicably did not refer.

ferred, the Secretary of War delegated to various subordinate officials administrative authority to make appointments to the field service, in the exercise of which the plaintiff was appointed. In an affidavit annexed to its motion the Government sets forth the terms of War Department Orders C, 6 June 1946, signed by the then Secretary of War and so delegating administrative authority, a pertinent sentence of which reads:

"Because of existing limitations in law, appointing authority in the departmental service must remain in the Secretary of War."

Nothing in the plaintiff's affidavit contradicts these allegations concerning his appointment, except insofar as the admitted allegation of the complaint concerning a contract of employment, heretofore mentioned, may be deemed to be inconsistent therewith.

In construing the term "officer" as used in the Tucker Act for purposes of determining district court jurisdiction I find myself dealing with a rule blindly. I do not know the reason for the rule. Nothing has been called to my attention to disclose what purpose Congress intended to serve in drawing the jurisdictional line between officers and other employees of the United States. I have not examined the legislative history but apparently one judge has, and has found that history uninformative. See Brooks v. United States, D.C.E.D.N.Y.1939, 33 F.Supp. 68, 70. Superficially, it might be argued that Congress intended to allow run-of-the-mill employees to have convenient access to the federal courts of the districts of their residence but to require the more important officials of the government to assert their claims in the Court of Claims in Washington. This argument will not stand inspection. The judicial history of the term "officers" makes abundantly clear that neither the importance of the task nor the size of the compensation has any bearing upon the classification.[2]

Construing statutory language unaided by the light of legislative purpose is a difficult and unrewarding task. This is especially true where the term construed may have different meanings for different purposes. Thus, United States v. Mouat, 1888, 124 U.S. 303, 8 S.Ct. 505, 31 L.Ed. 463, held a paymaster's clerk not to be an officer within the meaning of one statute and United States v. Hendee, 1888, 124 U.S. 309, 8 S.Ct. 507, 31 L.Ed. 465, held such a paymaster's clerk to be an officer within the meaning of another statute. In such circumstances one is driven to the application of mechanical rules and such application generally produces incongruous results. That the results in the instance under examination have been incongruous becomes plain upon an inspection of the many cases in which this question has been determined.

I start, therefore, with the proposition that it is the plaintiff's burden to establish the court's jurisdiction. Plainly without much force in this connection are the cases which have dealt with the term "officer" as employed in criminal statutes defining a variety of crimes as applicable to officers of the United States. In those cases a narrow construction was called for by well recognized rules of the criminal law. United States v. Smith, 1888, 124 U.S. 525, 8 S.Ct. 595, 31 L.Ed. 534; United States v. Germaine, 1878, 99 U.S. 508, 25 L.Ed. 482; Martin v. United States, 8 Cir., 1909, 168 F. 198; Callahan v. U. S., 1941, 74 App.D.C. 281, 122 F.2d 216.

This does not mean that the courts have always applied one test of an officer under the criminal law and another under the civil law. The difference resides in

---

[2] The several cases cited throughout the opinion reveal that the finding of officer status is in no wise dependent upon the importance of the employment. Compare Burnap v. United States, 1920, 252 U.S. 512, 40 S.Ct. 374, 64 L.Ed. 692, where a landscape architect was said not to be an officer, with United States v. Hartwell, 1867, 6 Wall. 385, 18 L.Ed. 830, where a clerk in the office of the Assistant Treasurer in Boston was held to be an officer. Compare also Martin v. United States, 8 Cir., 1909, 168 F. 198, with Foshay v. United States, D.C. S.D.N.Y., 1931, 54 F.2d 668; compare Scully v. United States, C.C.D.Nev.1910, 193 F. 185 with United States v. McCrory, 5 Cir., 1899, 91 F. 295.

the application. The test itself has been fairly uniform; only he is an officer who is an officer in the constitutional sense, that is (so far as is here involved), a person appointed under authority of law by the head of a department to a post created by law. The head of a department has been authoritatively defined to mean a member of the President's Cabinet. United States v. Smith, supra; United States v. Germaine, supra; See Burnap v. United States, 1920, 252 U.S. 512, 515, 40 S.Ct. 374, 64 L.Ed. 692.

 Were I writing on a blank page, I would entertain considerable doubt as to whether the general appointing authority which is conferred in 5 U.S.C.A. § 43 or 50 U.S.C.A.Appendix § 763, is the kind of authority which creates an office. However, a number of cases have so held under similarly worded statutes of general import. Kennedy v. United States, 5 Cir., 1944, 146 F.2d 26; Callahan v. United States, 1941, 74 App.D.C. 281, 122 F.2d 216; Baskins v. United States, D.C.E.D.S.C.1940, 32 F.Supp. 518. But cf. Cain v. United States, D.C.N.D.Ill., 1947, 73 F.Supp. 1019. It would appear, therefore, that because in the instant case the plaintiff was appointed by the Secretary of War exercising his authority through a subordinate official to whom he had delegated his authority and because the appointment was made pursuant to a statute creating the position or office which the plaintiff filled, he is an officer.

The question remaining is whether such a conclusion is inconsistent with the admitted allegation that the plaintiff was employed pursuant to a contract of employment. There is language in United States v. Hartwell, 1867, 6 Wall. 385, 393, 18 L.Ed. 830, which distinguishes appointments to office from contracts of employment; but, as I read that language, it does not mean that there is a necessary inconsistency between the two conceptions in every case. Neither of the parties has submitted a copy of the alleged contract. It is a fair inference, however, that by his contract the plaintiff agreed to hold his post for a period of one year, a provision which the government may have regarded as useful in the light of the fact that it was going to transport the plaintiff overseas and back at considerable expense. In any event, I see no logical reason for asserting that there is an inevitable incompatibility between appointment to an office and the exchange of promises relating to the terms and conditions under which the office is to be performed. See Hall v. Wisconsin, 1880, 103 U.S. 5, 10, 26 L.Ed. 302.

My conclusion is that the plaintiff was an officer of the United States. The United States District Court is, therefore, without jurisdiction to hear his claim for salary or compensation. This disposes of all causes of action in the complaint except the one wherein he seeks reimbursement of his travel expense. The facts concerning that claim are not quite clear and neither side has argued the merits of its respective motion as they affect that claim.

All causes of action are dismissed except the third cause of action with respect to which both motions are denied with leave to renew upon more adequate papers.