

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

July 10, 1967

Hon. Thomas S. Bishop
Major General, Tex ARNG
Adjutant General
Adjutant General's Dept.
Austin, Texas

Dear General Bishop:

Opinion No. M-103

Re: Constitutionality of
House Bill 406, Acts
of the 60th Legislature,
Regular Session, and
related questions.

     You have requested an opinion from this office as
to the constitutionality of House Bill 406, Acts of the 60th
Legislature, Regular Session, and in particular to the dura-
tion of the term of office of the National Guard Armory
Board members.

     In the event we hold such bill to be constitutional,
then you present the following questions:

     "1. On June 1, 1967, the Assistant Adjutant
General, Army, will become Commanding General of
the 49th Armored Division. In view of Article
XVI, Section 40 of the State Constitution, may he
not concurrently hold membership on the Texas
National Guard Armory Board as well as serving
as Assistant Adjutant General, Army, Texas National
Guard? Should it be held that he cannot serve on
the Armory Board because of his status as Assistant
Adjutant General, Army, then, in that event, under
H.B. 406, who would be eligible to serve on the
Board from the 49th Armored Division?

     "2. a. Under the law (Rev. Civ. St., Art.
5767, Sec. 1) existing at the time of the passage
of H.B. 406, the Air National Guard representative
on the National Guard Armory Board was the Senior
Officer of the Texas Air National Guard. H.B. 406
states that 'the Chief of Staff for Air, Texas Air
National Guard' shall represent the Air National
Guard on the Board. The present Senior Officer of
the Texas Air National Guard, who has been serving
on the Armory Board, is Deputy Chief of Staff for
the Air National Guard, by assignment, but is per-
forming the duties of Chief of Staff for Air. In

-463-

light of this fact, can the present Air National Guard representative continue to serve on the new Board created by H.B. 406?

"b. The present Air National Guard represent- ative on the Armory Board is a Civil Service employee of the United States. He works with the Small Bus- iness Administration. Does this fact prohibit him from serving on the Armory Board in light of Article XVI, Section 12 of the Texas Constitution? Should he be ruled ineligible, is the Assistant Adjutant General for Air (next in point of seniority) eli- gible to serve on the Board? If not, under H.B. 406, who is eligible to represent the Air National Guard on the Texas National Guard Armory Board?

"3. The provisions of H.B. 406 further state the new Board shall be:

". . .composed of the Commanding General, 36th Infantry Division. . .

"In compliance with Department of Defense direc- tives, the Texas Army National Guard was reorganized on 1 November 1965. On this date, the Texas Army National Guard lost the 36th Infantry Division, as such, because the 36th Infantry Division was reorga- nized into the 36th Infantry Division (less detach- ments) to obtain unit equipment and personnel to form a Separate Infantry Brigade.

"In view of the above, if H.B. 406 correctly identifies the only officer eligible to serve on the Armory Board, which officer should be certified as the member of the Board -- the Commanding General, 36th Infantry Division (which no longer exists), or the Commanding General, 36th Infantry Brigade (which does exist)?"

House Bill 406 of the 60th Legislature, Regular Session, which is codified as Article 5931-1, reads as follows:

"There is hereby created the Texas National Guard Armory Board to be composed of the Commanding General of the 36th Infantry Division, Texas Na- tional Guard, the Commanding General of the 49th Armored Division, Texas National Guard, and the

Chief of Staff for Air, Texas Air National Guard. The board shall be composed of three members and the term of office for members of the Texas National Guard Armory Board shall be of six years' duration except that in the event of a vacancy, the person qualifying for the position shall complete the unexpired term of his predecessor. Each officer of the Texas National Guard or the Texas Air National Guard who may thereafter fill the position qualifying him for membership on the Texas National Guard Armory Board, as provided in this Act, shall be certified by the Adjutant General of Texas to the secretary of state, and to the officer concerned within 10 days after the occurrence of a vacancy. Each member of the Texas National Guard Armory Board shall, within 15 days from the date of his receipt of notice of his eligibility to serve to fill a vacancy, qualify by taking and filing with the secretary of state the constitutional oath of office.

"The senior and junior in military rank, of the members of said board shall be, respectively, chairman and treasurer thereof, and the persons holding such offices shall change as military rank may determine when changes in membership of said board occur.

"In the event any member of the board is unable to serve because of his induction into federal service or the induction of his military unit into federal service, the Governor of Texas shall designate a member from among the state military forces as successor in function, who shall thereupon be and become a member of the board only for the duration of such term of induction into federal service, thereafter the military successor in function of the Texas National Guard shall qualify as a member of the board.

"It is further provided that none of the members of this board shall at the same time hold any other office or position of honor, trust, or profit under the state or federal government, except as a member of the Texas National Guard or as a member of the Texas State Guard operating as successor in military function.

"Should any officer fail to qualify as a member of the board under the provisions of the State Constitution or the provisions of this Act, the next senior officer in military rank of the respective military units to qualify shall be certified by the Adjutant General of Texas to the secretary of state as provided in this Act."

We will first consider the constitutionality of H.B. 406, 60th Legislature, Regular Session, as it relates to the provision therein which states that the board shall be composed of three members from the military organizations as stated therein, and the term of office for members of the Texas National Guard Armory Board shall be of six years duration.

The Supreme Court of Texas in the case of <u>Texas National Guard Armory Board v. McCraw</u>, 132 Tex. 613, 126 S.W.2d 627 (1939), wherein the court was construing the constitutionality of provisions of the civil statutes pertaining to the appointment of persons acting as members of the Texas National Guard Armory Board, held at page 632 as follows:

"'Article 16, Section 30a, of the Constitution deals with civil officers and boards, and Article 16, Section 46 of the Constitution deals with distinctly military matters. This seems to have been recognized without question in commissioning officers of the National Guard, and we conclude that the statute creating the Armory Board deals distinctly with the military and is not limited by the provisions of the Constitution applying to the civil officers of the government.

"'The Constitution seems to give to the Legislature unlimited power to pass laws for the organization and disciplining of the Militia in so far as the said Constitution is concerned, and not otherwise limited, except by the requirement that the laws passed must not be "incompatible with the constitutional laws of the United States."

"'It is, therefore, submitted that the tenure of office, as prescribed in the Armory Board Act, is not in conflict with the provisions of our State Constitution.'"

The court has held that the members of the National Guard Armory Board do not fall within the same category as other civil offices and can be appointed for any tenure designated by the legislature.  We, therefore, are of the opinion that H.B. 406, Acts of the 60th Legislature, is constitutional, and that such persons constituting said board can be appointed for any duration of time designated by the legislature.

As H.B. 406, 60th Legislature, Regular Session, created the Texas National Guard Armory Board, it is our opinion that such members as designated should be appointed for a term of six (6) years as set out in said Act.

Your second question poses the problem as to whether the Assistant Adjutant General, who will on June 1, 1967, become Commanding General of the 49th Armored Division, is because of his serving as Assistant Adjutant General, ineligible to serve on the Armory Board, and who would be otherwise eligible to serve on the board from the 49th Armored Division.  Your attention is directed to the fourth paragraph of Article 5931-1 which provides:

> "It is further provided that none of the members of this board shall at the same time hold <u>any other office or position of honor, trust, or profit under the state or federal government,</u> except as a member of the Texas National Guard or as a member of the Texas State Guard operating as successor in military function."  (Emphasis added.)

It is our opinion that the Assistant Adjutant General, a statutory office under Article 5796, who will be the Commanding General of the 49th Armored Division, could not be appointed as member of the Texas National Guard Armory Board because of the fact that he holds a position of <u>honor, trust and profit under the state government.</u>  Page III-1-Appropriation Act, 60th Legislature, provides a salary of $15,000.00 per year, for Assistants Adjutant General.

In answer to your question as to who would be eligible to serve on the board from the 49th Armored Division, Article 5931-1 further provides as follows:

> "Should any officer fail to qualify as a member of the board under the provisions of the State Constitution <u>or the provisions of this Act, the next senior officer in military rank of the respective military units</u> to qualify shall be

certified by the Adjutant General of Texas to the secretary of state as provided in this Act."
(Emphasis added.)

It therefore follows that the next senior officer in military rank of the 49th Armored Division, if not likewise disqualified, should be certified to the secretary of state, for appointment to the Armory Board.

In view of our answer as to who would be eligible to serve on the board from the 49th Armored Division and our answer to your next question, it is not necessary to answer your question number 2a.

Question 3b states that the present Air National Guard representative on the Armory Board is a Civil Service employee of the United States, and that he is employed by the Small Business Administration and appointed by the head of this agency. Under the authority of U.S. v. Smith, 8 Sup. Ct. 595, 597, 124 U.S. 525 (1888), he is a federal officer. In view of the provision of H.B. 406, 60th Legislature, which states that none of the members of this board shall at the same time hold any other office or position of honor, trust or profit, with the state or federal government, it is our opinion that he would be ineligible to represent the Air National Guard on the Texas National Guard Armory Board. You should be guided in your appointment of a representative from the Air National Guard by the provision that states that should any officer fail to qualify as a member of the board under the provisions of the State Constitution or the provisions of that Act, the next senior officer in military rank of the respective military units, if not likewise disqualified, shall be certified by you to the secretary of state for appointment to the Armory Board.

Your next question deals with whether the Commanding General of the 36th Infantry Division, which division was reorganized on November 1, 1965, or the Commanding General of the 36th Infantry Brigade should be certified as the member of the board from such military organization.

Inasmuch as the legislature had before it the fact that the Texas Army National Guard was reorganized on November 1, 1965, and did not change the wording in H.B. 406 whereby it would show that the Commanding General of the 36th Infantry Brigade was to be appointed, it is our opinion that the Legis-

lature intended for the Commanding General of the 36th Infantry Division to be appointed as a member of the National Guard Armory Board, as set out in said H.B. 406, 60th Legislature.

## S U M M A R Y

1.   H.B. 406, 60th Legislature, Regular Session, is constitutional and under its provisions the members of the Texas National Guard Armory Board are to be appointed for a term of six (6) years.

2.   The Assistant Adjutant General, who will be the Commanding General of the 49th Armored Division, is not eligible to be appointed to the Armory Board, as he holds an office or position of honor, trust or profit under the state government. (Page III-1, Appropriation Act, 60th Legislature, and H.B. 406, supra.)

3.   The next senior officer in military rank in the 49th Armored Division, if not disqualified under the provisions of H.B. 406, 60th Legislature, should be appointed to serve on the Armory Board.

4.   The present Air National Guard representative on the Armory Board is not eligible for appointment to the Board, since he is employed by the Small Business Administration, which is a position of honor, trust, or profit with the federal government, and such appointment would be in violation of the provisions of H.B. 406, 60th Legislature.

5.   The Commanding General of the 36th Infantry Division, should be certified for appointment as a member of the Texas National Guard Armory Board, H.B. 406, 60th Legislature.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by John H. Banks
Assistant Attorney General

Hon. Thomas S. Bishop, page 8, (M-103)

APPROVED:
OPINION COMMITTEE

Hawthorne Phillips, Chairman
Kerns Taylor, Co-Chairman

Roger Tyler
Pat Bailey
Arthur Sandlin
Robert Flowers

A. J. Carubbi, Jr.
Staff Legal Assistant