## UNITED STATES v. BEAL et al.

### No. 11472.

United States Court of Appeals
Sixth Circuit.
Oct. 22, 1952.

James R. Browning, Irvin M. Gottlieb, Washington, D. C., Claude P. Stephens, Lexington, Ky., Holmes Baldridge, Edward H. Hickey, Joseph Langbart, Washington, D. C., on the brief, for appellant.

Harry B. Miller, Jr., Lexington, Ky., Monroe Oppenheimer, Robert E. Sher, William P. Bernton, Washington, D. C., on the brief, for appellees.

Before SIMONS, Chief Judge, and HICKS and ALLEN, Circuit Judges.

PER CURIAM.

In Beal v. United States, 6 Cir., 1950, 182 F.2d 565, we reversed a judgment of the district court dismissing the cause for want of jurisdiction. The controversy involved a claim of firefighters for overtime pay allegedly due for stand-by services. We concluded that these men were employees of the United States and not officers and that jurisdiction in the district court to enter judgment against the United States was based on the Tucker Act, 28 U.S.C. § 1346. In Bruner v. United States, 189 F.2d 255, the Court of Appeals for the Fifth Circuit reached an opposite view and dismissed Bruner's claim. The Supreme Court granted certiorari to resolve the conflict of decisions, 342 U.S. 858, 72 S.Ct. 89.

The Beal case was remanded to the district court and a judgment entered there for the plaintiffs, on March 28, 1951, from which the United States appealed on May 25, 1951. While the appeal was pending, Congress by § 50(b) of Public Law 248, 82nd Congress, 65 Stat. 727, amended the Tucker Act by inserting in Clause (2), subsection (d) of § 1346 of T. 28 U.S.C. immediately after "officers" in such clause the words "or employees." The effect of this amendment deprived the district courts of jurisdiction over any civil action or claim to recover fees, salaries, or compensation for official services of officers or employees of the United States.

On March 24, 1952, the Supreme Court decided the Bruner case, 343 U.S. 112, 72 S.Ct. 581, 584, affirming the dismissal of Bruner's petition for want of jurisdiction. The decision was limited to the effect of the Tucker Act Amendment upon the jurisdiction of the district court and there was no consideration of the merits of the Bruner controversy. The reasoning was, "that, when a law conferring jurisdiction is repealed without any reservation as to pending cases, all cases fall with the law", and that such cases are not affected by the General Savings Statute, 1 U.S.C. (Supp. IV), § 109. Therefore, the jurisdiction of the district court does not extend to actions for compensation brought by either officers or employees of the United States.

The Government asks us to vacate the judgment below and to direct that the suit be dismissed for lack of jurisdiction. The appellees urge that the judgment has be-

come final unless reversed for errors in the district court proceedings. They seek to distinguish the appeal from Bruner on the ground that in Bruner there was a judgment of dismissal which, if reversed by the Fifth Circuit Court of Appeals would have required an exercise of jurisdiction by the district court, of which it was then deprived by the Tucker Act Amendment. They point out that in Beal nothing further need be done in the district court, if judgment there is affirmed, since no process need be issued against the United States.

We disagree. The case is still pending and is controlled by Bruner and the principles announced in its rationalization.

The judgment below is vacated and the case remanded to the district court with instructions to dismiss.