**ANGILLY v. UNITED STATES et al.**

No. 54, Docket 22445.

United States Court of Appeals Second Circuit.

Argued Oct. 17, 1952.

Decided Nov. 7, 1952.

29. See also Day-Brite Lighting, Inc., v. Ruby Lighting Corp., 9 Cir., 191 F.2d 521.

Matthew E. McCarthy, New York City, for William C. Angilly, plaintiff-appellant.

Myles J. Lane, U. S. Atty., New York City, John M. Foley, Asst. U. S. Atty., New York City, of counsel, for United States and Harry M. Durning, as Collector of Customs, Port of New York, defendants-appellees.

Before AUGUSTUS N. HAND, CHASE and CLARK, Circuit Judges.

AUGUSTUS N. HAND, Circuit Judge.

On October 28, 1949, William C. Angilly, the plaintiff-appellant, a custom inspector stationed at LaGuardia Field, New York City, was summoned to a hearing at the Custom House, New York City, and orally charged with illegally withholding $152.44 in customs duties which he had collected and with withholding thirty-eight collector's copies of informal customs entry forms pertaining thereto, covering a period from May 10, 1948 to September 20, 1948. At the hearing, the plaintiff was required to answer the charges and the answers were recorded. On November 16, 1949, the Collector of Customs of New York served the plaintiff with written charges setting forth the withholding of the customs duties and entries. On November 21, 1949, the plaintiff replied to the charges in writing, stating that the customs duties and entries were missing because of the prevailing loose practice of the government in the handling of such funds and entries at La Guardia Field. On November 29, 1949, the plaintiff was summoned to another hearing but was not permitted to have counsel, or to have other customs inspectors as witnesses in order to establish the alleged prevailing loose practice. On December 30, 1949, plaintiff was removed by the Secretary of the Treasury from federal employment for withholding the funds and entries, and the sum of $152.44 was deducted from his accumulated salary.

Thereafter he brought this action in the district court seeking: (1) A judgment in the sum of $9,184 for loss of earnings; (2) A mandatory injunction directing Durning, the Collector of Customs, to remove all charges and accusations on file in the defendant's office affecting the plaintiff and informing the Civil Service Commission of such action; (3) A declaratory judgment declaring the action of Durning as Collector of Customs in making criminal charges against the plaintiff and finding him guilty thereof to be illegal and void; (4) An order directing Durning as Collector of Customs to summarily reinstate plaintiff in his position as an inspector and pay all back wages which had accrued, together with the sum of $152.44 deducted from his earned wages.

The district judge granted the defendants' motion for a dismissal of the complaint for failure to state a cause of action, D.C., 105 F.Supp. 257.

The requirements of the applicable statute, 5 U.S.C.A. § 652 and regulations, 5 C.F.R. § 9.101 and § 9.102, which are set forth in the margin [1] in so far as here rele-

---

[1]. "§ 652. Removal without pay from classified civil service—Only for cause; notice; copy of charges; time to answer; examination; record; persons exempt.

"(a) No person in the classified civil service of the United States shall be removed or suspended without pay therefrom except for such cause as will promote the efficiency of such service and for reasons given in writing. Any person whose removal or suspension without pay is sought shall (1) have notice of the same and of any charges preferred against him; (2) be furnished with a copy of such charges; (3) be allowed a reasonable time for filing a written answer to such charges, with affidavits; and (4) be furnished at the earliest practicable date with a written decision on such answer. No examination of witnesses nor

vant were clearly met. Even if in a case involving serious charges it might have been desirable to give the employee an opportunity to produce witnesses, the statute has made this purely discretionary with the hearing officer. The claim of the plaintiff that his written answer was not considered seems quite meaningless. The defendants not only received the plaintiff's written defense, but granted him an opportunity to present his defense orally.

Plaintiff's further contentions that he was deprived of property without due process of law, and of the right to trial by jury, are both negatived by the decision of Bailey v. Richardson, 86 U.S.App.D.C. 248, 182 F.2d 46, which was affirmed by the Supreme Court—though the justices were evenly divided, 341 U.S. 918, 71 S.Ct. 669, 95 L.Ed. 1352. See also Carter v. Forrestal, 86 U.S.App.D.C. 53, 175 F.2d 364. The suggestion in the Note in the Harvard Law Review, 65 Harv.L.R. 156–8, to the effect that the plaintiff's reputation is "property" within the meaning of the Fifth Amendment is not in our opinion to be seriously weighed against the long established view that a civil service employee does not have a constitutionally protected right to his office. Cf. Taylor v. Beckham, 178 U. S. 548, 20 S.Ct. 1009, 44 L.Ed. 1187.

The only jurisdiction for the recovery of salary is vested in the United States Court of Claims. 28 U.S.C. § 1346(d).[2] The plaintiff's claim for loss of earnings appears to us to be within the statute. Moreover, the district court has no power to reinstate the plaintiff who here was removed by the Secretary of the Treasury and can only be reinstated in a suit in the District of Columbia to which the Secretary would be a necessary party. See Williams v. Fanning, 332 U.S. 490, 68 S.Ct. 188, 92 L. Ed. 95.

For the foregoing reasons the order and judgment below are affirmed.

any trial or hearing shall be required except in the discretion of the officer or employee directing the removal or suspension without pay. Copies of the charges, the notice of hearing, the answer, the reasons for removal or suspension without pay, and the order of removal or suspension without pay shall be made a part of the records of the proper department or agency, as shall also, the reasons for reduction in grade or compensation; and copies of the same shall be furnished, upon request, to the person affected and to the Civil Service Commission. This subsection shall apply to a person within the purview of section 863 of this title, only if he so elects."

"§ 9.101. Agency responsibility for separation or demotion of employees. (a) The employing agency shall remove, demote, or reassign to another position any employee in the competitive service whose conduct or capacity is such that his removal, demotion, or reassignment will promote the efficiency of the service. * * *"

"§ 9.102. Procedure in separating, suspending, or demoting permanent and indefinite employees."

"(1) Actions against employees. No employee, veteran or nonveteran, shall be separated, suspended, or demoted except for such cause as will promote the efficiency of the service and for reasons given in

writing. The agency shall notify the employee in writing of the action proposed to be taken. This notice shall set forth, specifically and in detail, the charges preferred against him. The employee shall be allowed a reasonable time for filing a written answer to such charges and furnishing affidavits in support of his answer. He shall not, however be entitled to an examination of witnesses, nor shall any trial or hearing be required except in the discretion of the agency. If the employee answers the charges, his answer must be considered by the agency. Following consideration of the answer, the employee shall be furnished at the earliest practical date with a written decision. If the agency determines that removal or other action is warranted, the employee shall be notified in the decision of the reasons for the action taken and its effective date. Copies of the charges, notice of hearing (if any), answer, reasons for removal, or other action, shall be made a part of the records of the department or agency concerned. * * *"

2. "(d) The district courts shall not have jurisdiction under this section of:
  "(1) * * *
  "(2) Any civil action or claim to recover fees, salary or compensation for official services of officers or employees of the United States."