**RILEY v. DEPARTMENT OF AIR FORCE.**

**RILEY v. TITUS et al.**

Nos. 11249, 11428.

United States Court of Appeals District of Columbia Circuit.

Argued Nov. 26, 1952.

Decided Dec. 18, 1952.

204

Miss Mary M. Riley, pro se.

Mr. William E. Kirk, Jr., Asst. U. S. Atty., with whom Messrs. Charles M. Irelan, U. S. Atty., and Joseph M. Howard, Asst. U. S. Atty., were on the brief, for appellee Department of Air Force. Mr. Lewis A. Carroll, Asst. U. S. Atty., and Mr. Joseph F. Goetten, Asst. U. S. Atty. at the time the record was filed, also entered appearances for appellee Department of Air Force.

Mr. Lewis A. Carroll, Asst. U. S. Atty., with whom Messrs. Charles M. Irelan, U. S. Atty., and Joseph M. Howard, Asst. U. S. Atty., were on the brief, for appellees G. F. Titus and others. Mr. William E. Kirk, Jr., Asst. U. S. Atty., also entered an appearance for appellees G. F. Titus and others.

Before EDGERTON, BAZELON and FAHY, Circuit Judges.

PER CURIAM.

 *No. 11249.* The judgment of the District Court dismissing the complaint for lack of jurisdiction and for failure to state a claim upon which relief could be granted is affirmed on the jurisdictional ground, since the suit is one in the District Court against the United States to which it has not consented.

 *No. 11428.* This litigation is before us a second time. In our previous decision, Riley v. Titus, 1951, 89 U.S.App.D.C. 79, 190 F.2d 653, certiorari denied, 342 U. S. 855, 72 S.Ct. 82, rehearing denied, 342 U. S. 889, 72 S.Ct. 179, we reversed judgment against appellant and remanded the case for further proceedings. Our reason was that it did not adequately appear from the record that appellant was an officer of the United States within the meaning of 28 U.S.C. § 1346(d) (2) (Supp. IV, 1951). We deemed this important in deciding whether or not she was precluded under this statute from maintaining a suit in the District Court for accumulated salary of the position from which she was discharged. Prior to the hearing on the remand the statute was amended so as to bar such suit not only to officers but also to employees. 28 U.S.C. § 1346(d) (2) (Supp. V, 1952). Since she clearly was one or the other the District Court was without jurisdiction. See Bruner v. United States, 1952, 343 U.S. 112, 72 S.Ct. 581.

 Our previous remand also rested upon the confused state of the record as to whether the laws and regulations governing appellant's discharge had been complied with, as to which she sought a declaratory judgment. We thought summary judgment against her on this aspect of the case should not have been granted. It appears from the record now before us that such laws and regulations were complied with. For this reason the summary judgment now under review was proper, since no case was made for review by the District Court of the administrative discretion which resulted in the discharge. See Levy v. Woods, 1948, 84 U.S.App.D.C. 138, 139, 171 F.2d 145, 146.

Judgments affirmed.