**Corbin J. GORDON, Plaintiff,**
**v.**
**UNITED STATES of America,**
**Defendant.**
**Civ. A. No. LR 2813.**

United States District Court,
E. D. Arkansas, W. D.
Dec. 21, 1954.

John E. Coates, Jr., Little Rock, Ark., for plaintiff.

Osro Cobb, U. S. Atty., Julius Acchione, Asst. U. S. Atty., Little Rock, Ark., for defendant.

TRIMBLE, Chief Judge.

Relying upon Title 28 U.S.C., Section 1346(a)(2), the Tucker Act, as amended, as conferring jurisdiction upon this Court, plaintiff brought suit against the United States to recover damages in the sum of $10,000 for breach of a contract of employment.

---

3. Higgins v. U. S., supra, 209 F.2d at page 820.

4. Gibson v. U. S., 80 U.S.App.D.C. 81, 84; 149 F.2d 381, 384.

Plaintiff alleged that, on February 17, 1953, he entered into a contract with the United States, through the Department of the Army, Corps of Engineers, Little Rock, Arkansas, District, for two years of employment in Alaska as "supply cataloging supervisor" at an agreed salary of $5,940 per annum. His employment was to begin February 20, 1953, and was subject to a one-year trial period. After compliance with all pre-employment rules and regulations, the plaintiff, pursuant to travel orders and at Government expense, left Little Rock, Arkansas, on February 19, 1953, and arrived at his destination, Elmendorff Air Force Base, Alaska, on March 2, 1953. He was assigned to duty on March 4, 1953, and was discharged on March 16, 1953, by the Commanding Officer of the Air Force Base because he failed to qualify for the position during the trial period.

Plaintiff contends that the Commanding Offi 's action in discharging him was arbitrary and unreasonable, and insists he was qualified for the position. How plaintiff arrived at the exact sum of $10,000 as the amount of his damages is not certain, yet it is clear that, in an action of this kind, the basis for determining the employee's measure of damages is his salary.

Defendant United States of America moved to dismiss this action upon the grounds that this Court had no jurisdiction of either the subject matter or party defendant and also because the complaint failed to state a claim against the defendant upon which relief could be granted.

After considering the pleadings filed in this case, the Government's motion to dismiss and accompanying brief, and defendant's brief in response thereto, the Court sustains the Government's motion to dismiss.

28 U.S.C. § 1346(a)(2) provides:

"(a) The district courts shall have orignal jurisdiction, concurrent with the Court of Claims, of:
* * *

"(2) Any other civil action or claim against the United States, not exceeding $10,000 in amount, founded either upon the Constitution, or any Act of Congress, or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort."

28 U.S.C. § 1346(d)(2), as amended, limits the jurisdiction of District Courts. It provides:

"(d) The district courts shall not have jurisdiction under this section of:
* * * * *

"(2) Any civil action or claim to recover fees, salary, or compensation for official services of officers or employees of the United States."

A reasonable interpretation of Section 1346(d)(2) applied to the facts of this case deprives this Court of jurisdiction in the present suit.

In Baltimore Mail S. S. Co. v. U. S., 4 Cir., 1935, 76 F.2d 582, at page 584, it was stated:

"This question of jurisdiction must always be viewed in light of the well accepted premise that a suit will not lie against the United States unless clearly authorized by statute."

The person invoking the jurisdiction of a Court has the burden of establishing the Court's jurisdiction. Surowitz v. U. S., D.C.N.Y.1948, 80 F.Supp. 716, 718.

It has been held that the Court did not have jurisdiction when an officer or employee sought: "the recovery of back pay from the time of his alleged wrongful dismissal", Hunter v. U. S., 4 Cir., 1950, 183 F.2d 446; the recovery of salary from the date of his removal to the date of his reinstatement, Eberlein v. U. S., 1921, 257 U.S. 82, 42 S.Ct. 12, 66 L.Ed. 140; to recover salary since a date shortly prior to the discharge, Foshay v. U. S., D.C.N.Y.1931, 54 F.2d 668; to recover the accumulated salary of the position from which she was discharged, Riley v. Titus, 1952, 91 U.S.App.D.C. 343, 201 F.2d 203; to recover for over-

time pay, United States v. Beal, 6 Cir., 1952, 199 F.2d 498; Bruner v. U. S., 1952, 343 U.S. 112, 72 S.Ct. 581, 96 L.Ed. 786; to recover "accrued and accruing salary", Mouton v. U. S., D.C.Wash.1952, 106 F.Supp. 336; to recover unpaid salary, Surowitz v. U. S., D.C.N.Y.1948, 80 F.Supp. 716.

Plaintiff, on the basis of claiming he has the contractual right to continue in the employ of the United States Government, has filed suit in the District Court against the Government, seeking to recover in damages the salary he would have earned had he been retained in Government employment for the full two-year term of his contract. Although the amount of this claim may be varied, either increased by proof of additional losses directly occasioned by the breach or reduced by proof of mitigating circumstances (such as having obtained other employment), or amount to nominal damages only, the basis of the claim is nevertheless one to recover the salary or compensation he would have received had he been permitted to render the services for the full term of his employment and is therefore within the meaning of the statute, 28 U.S.C. § 1346(d) (2), which deprives this Court of jurisdiction. Whether the cause of action is to recover compensation for services already rendered or for services to be rendered in the future would not justify a different result. The legal consequence is not changed because the plaintiff seeks to be compensated in damages for a breach of contract for services he has not been permitted to perform rather than seeking compensation for services he has already performed.

In Angilly v. U. S., 2 Cir., 1952, 199 F.2d 642, 643, the plaintiff brought his action in the District Court seeking "a judgment in the sum of $9,184 for loss of earnings; * * *." In referring to 28 U.S.C. § 1346(d), Judge Augustus N. Hand stated:

"The plaintiff's claim for loss of earnings appears to us to be within the statute."

In Kennedy v. U. S., 5 Cir., 1944, 146 F.2d 26, 27, the plaintiff, who had successfully completed his probationary period of six months, was nevertheless summarily discharged. He sought judgment against the United States for the sum of $633.33, "representing actual damages resulting from his unlawful discharge." It was held that the Court lacked jurisdiction.

The Government has proposed other arguments for dismissal, including the argument that, in raising the issue of his qualifications for the position, plaintiff is submitting for judicial review an administrative decision. In view of the decision I have reached with respect to this Court's lack of jurisdiction to hear the case, I feel no need to consider these arguments.