Marion F. JACKSON, Plaintiff,

v.

UNITED STATES of America, Defendant.

Civ. A. No. C–175–54.

United States District Court, D. Utah.

March 14, 1955.

538

Dwight L. King, Salt Lake City, Utah, for plaintiff.

A. Pratt Kesler, U. S. Atty., and Llewellyn O. Thomas, Asst. U. S. Atty., Salt Lake City Utah, for defendant.

CHRISTENSON, District Judge.

Plaintiff, Marion F. Jackson, claims damages against the United States of America in the sum of $10,000 by reason of claimed conduct on the part of officers at the Deseret Chemical Depot, Tooele, Utah, culminating in his resignation as an employee of the United States. He asserts violation of rights guaranteed him by Title 5, Ch. 12, Sec. 652, as amended, United States Code Annotated, prohibiting the termination of civil service employment except for cause, and that this Court has jurisdiction by virtue of 28 U.S.C.A. § 1346 (a) (2).

Plaintiff's complaint alleges that he was employed in the classified civil service of the United States at the Deseret Chemical Depot as comptroller and had been there employed either as such comptroller or as fiscal officer since April, 1945. Plaintiff asserts that at all times mentioned he performed his duties in a workmanlike and satisfactory manner, and exerted his utmost effort in the service of the United States and that there was never any justification, reason or cause for his reprimand or discharge. He further asserts that by reason of personal reduction recommendations which were properly made by him in the best interest of the government, the military officials at the depot became extremely resentful toward him, and that on or about February 14th, 1954, they decided that plaintiff should be fired; that thereafter, such officials in charge of plaintiff's department, while acting within the scope of their office and employment, conducted an open campaign to terminate his employment at the depot, and maliciously resorted to libel, slander, personal abuse, reprimands and indignities, including termination and discharge; that plaintiff obtained reinstatement to his position of comptroller after such discharge but was refused reassignment of his duties and was threatened with a deprivation of his civil service status and continued discharge unless a resignation were submitted; that while acting under the influence of said threats and because of the malicious, wrongful, illegal insistence and demands of the military officers and officials that plaintiff terminate his employment status at the depot, he "involuntarily resigned his position"; that this resignation was obtained by means of threats and as a result of the above mentioned course of conduct, which action maliciously, wrongfully and illegally deprived plaintiff of the benefits granted him by the civil service law of the United States of America. As a result thereof, plaintiff claims that he has been "deprived of the benefits of the civil service law and regulations of the United States of America and of his employment at the Deseret Chemical Depot, has had his reputation as an efficient, conscientious and loyal civil servant of the United States government seriously and detrimentally affected, * * * has suffered grievous

and extensive damage as a result of being deprived of his rights under the civil service law and regulations * * and believes and therefore alleges that it will be extremely difficult, if not impossible, for this plaintiff to gain new employment with the U. S. Army or with the federal government * * * " all to his damage in the sum of $10,000.

. Defendant has interposed a motion to dismiss the complaint on the ground that this Court lacks jurisdiction because the action is either (a) an action for consequential damages resulting from the discharge of plaintiff as an employee of the United States, which is barred by the provisions of 28 U.S.C.A. § 1346(d) (2), or (b) an action for unliquidated damages sounding in tort, which is barred by the provisions of 28 U.S.C.A. § 1346(a) (2).

· The following authorities indicate that if the action be considered one to recover fees, salary or compensation for the official services of an officer or employee of the United States, this Court has no jurisdiction to entertain it. 28 U.S.C.A. § 1346(d) (2) as amended by the Act of October 31st, 1951; Riley v. Department of Air Force (Riley v. Titus) 1952, 91 U.S.App.D.C. 343, 201 F.2d 203, certiorari denied 342 U.S. 855, 72 S.Ct. 82, 96 L.Ed. 644; 345 U.S. 958, 73 S.Ct. 943, 97 L.Ed. 1378; Angilly v. United States, 2 Cir., 1952, 199 F.2d 642; Hunter v. United States, 4 Cir., 1950, 183 F.2d 446; Love v. Royall, 8 Cir., 1950, 179 F.2d 5; Kennedy v. United States, 5 Cir., 1944, 146 F.2d 26; Gordon v. United States, D.C.E.D.Ark., 1954, 126 F.Supp. 847.

The United States has cited, and relies upon, the last mentioned case, recently decided. It, and several of the other cases above mentioned, indeed appear determinative upon analogous facts. However, most of them seem to take for granted, without detailed analysis, that the claims involved were for salary or compensation, and some of them involved claims for reinstatement and back salary as such. Plaintiff points out that he is not seeking reinstatement, and disclaims that his action is one for fees, salary or compensation. Furthermore, he maintains that he is not relying on any tort liability. His action, he contends, actually is one for the vindication of a statutory right in his favor based upon the mandatory requirements of 5 U.S.C.A. § 652, as amended, and violated by the malicious and wrongful termination of his employment without notice and without cause, or by a coerced resignation having the same effect under the circumstances alleged in his complaint. He relies upon the case of Gadsden v. United States, 1948, 78 F.Supp. 126, 111 Ct.Cl. 487; Id., 100 F.Supp. 455, 119 Ct.Cl. 86, certiorari denied 342 U.S. 856, 72 S.Ct. 83, 96 L.Ed. 645, to demonstrate that his claim for such wrongful discharge is an action founded upon an act of Congress, but seeks to avoid the implications of that case that the remedy is the recovery of back salary cognizable only by the Court of Claims because of the limitations of 28 U.S.C.A. § 1346(d) (2), by arguing that his claim is for relief other than for the recovery of salary or compensation as such. Because this contention is not squarely met by any of the cases which I have examined, I am persuaded to consider it further in some detail.

■ It is true that the Court of Claims has expressly determined and repeatedly held that the wrongful discharge of a civil service employee without notice or cause gives rise to a cause of action founded upon an act of Congress, both after the June 10th, 1948 amendment to 5 U.S.C.A. § 652, as well as prior to the effective date of that amendment. Garcia v. United States, 108 F.Supp. 608, 123 Ct.Cl. 722; 127 Ct. Cl. 831. Hence, as far as the Court of Claims is concerned, jurisdiction rests not upon an assumed contract, express or implied, but upon the provision of the Tucker Act waiving immunity from suit in actions "Founded upon an Act of Congress". Because of expressions in Schillinger v. United States, 155 U.S. 163, 15 S.Ct. 85, 39 L.Ed. 108, it might have been argued with some logic that the statute

does not furnish the "foundation" for such actions as distinguished from "support" therefor. I cannot so hold, however, in view of the June 10th, 1948 amendment adding subdivision (b) to Sec. 652, 5 U.S.C.A., and in view of certain decisions controlling upon me which indicate that a highly strict interpretation of the term "founded" is not called for and that " 'a claim is both founded upon, and it arises under, a provision * * * of a law which conditions and determines its validity.' " United States v. Emery, Bird, Thayer Realty Co., 237 U.S. 28, 35 S.Ct. 499, 59 L.Ed. 825; United States v. Ohio Oil Co., 10 Cir., 1947, 163 F.2d 633, at page 636, certiorari denied 333 U.S. 833, 68 S.Ct. 459, 92 L.Ed. 1117.

With the qualifications provided in 28 U.S.C.A. § 1346(d), the jurisdiction of the Court of Claims over actions founded upon a law of the United States is concurrent with that of United States District Courts up to the dollar limitation applicable to the latter. 28 U.S.C.A. §§ 1346, 1491; United States v. Sherwood, 312 U.S. 584, 61 S.Ct. 767, 85 L.Ed. 1058; Bates Mfg. Co. v. United States, 303 U.S. 567, 58 S.Ct. 694, 82 L.Ed. 1020. Hence, I accept the expression in the Gadsden case, supra, relied upon by plaintiff, that such an action as his is one founded upon a law of the United States. It follows that if it constitutes in whole or in part a claim founded upon an act of Congress other than for fees, salary or compensation, I cannot dismiss for lack of jurisdiction.

Jurisdiction being claimed upon the ground indicated, we must now determine what the nature and extent of the claim is which is actually "founded" upon the law cited. 5 U.S.C.A. § 652, as amended by the act of June 10th, 1948. That law provides mandatory procedure prerequisite to the dismissal of a civil service employee. By the 1948 amendment the remedy for dismissal not in conformity with the basic requirement is that if the employee is reinstated or restored to duty on the ground that such removal or suspension was unjustified or unwarranted, he shall be paid compensation at the rate received on the date of such removal or suspension, for the period for which he received no compensation with respect to the position from which he was removed or suspended, less any amounts earned by him through other employment during such period.

In United States v. Ohio Oil Co., supra, it is indicated that an obligation to pay is an essential ingredient of the court's jurisdiction under the Tucker Act, and while this obligation need not rest in the law giving rise to the asserted claim, the validity of the claim must be determined by the law and there must exist an express obligation to pay the claim. The only obligation to pay under the law upon reinstatement relates to back salary or compensation. It is difficult to conceive that a discharged employee not reinstated would enjoy any greater rights "founded" upon the law in question than one who by pursuing his administrative remedy secures reinstatement.

Is there any right plaintiff can assert in this action founded upon the provisions of law relied upon other than for salary or compensation during all, or a part of, the period his employment may have been wrongfully withheld? One might speculate that there could be elements of damage not comprehended in the terms "fees, salary, or compensation", but it seems in any event that they would not be founded upon the act. The complaint suggests legal injury in the nature of slander, or other damage to reputation or status, but any relief therefor would not be founded upon the act, and would sound in tort. Plaintiff's counsel states that claim is not made for any tort, and indeed, such claim could not be adjudicated in any event by this Court under the jurisdictional provisions relied upon. Schillinger v. United States, supra. There is a suggestion in some cases that apart from questions of compensation or salary, District Courts may have jurisdiction to entertain actions for declaratory judgments concern-

ing the status of wrongfully discharged employees. Suffice it to say that no such action is presented here, and could not be for lack of indispensable parties as well as on jurisdictional grounds as it seems to me. Riley v. Titus, 1951, 89 U.S.App.D.C. 79, 190 F.2d 653; Riley v. Department of Air Force, supra; Bailey v. Richardson, 1950, 86 U.S.App.D.C. 248, 182 F.2d 46, affirmed 341 U.S. 918, 71 S.Ct. 669, 95 L.Ed. 1352; Palmer v. Walsh, D.C.Or., 1948, 78 F.Supp. 64. Any possible claim that the assumption of jurisdiction is required because of the violation of some constitutional right is answered by Angilly v. United States, supra. The theory that there was a contractual right to continue in the employment of the United States Government is properly held insufficient to indicate jurisdiction in Gordon v. United States, supra. The comment in that case on the theory of contract also applies to plaintiff's argument here for jurisdiction on the different ground, the Court stating, 126 F.Supp. at page 848:

"How plaintiff arrived at the exact sum of $10,000 as the amount of his damages is not certain, yet it is clear that, in an action of this kind, the basis for determining the employee's measure of damages is his salary."

On the other hand, the award of salary or other compensation for official services at the established rate during the time employment is wrongfully withheld would seem to be all the damages that plaintiff could be entitled to, founded upon the act in question. Assuming that plaintiff were entitled to such relief, this Court could not award it. The same considerations which prompted in 1898 the withdrawal from District Courts of jurisdiction over cases brought to recover compensation for official services thereby centralizing such cases in the Court of Claims, Bruner v. United States, 1952, 343 U.S. 112, 72 S.Ct. 581, 96 L.Ed. 786, applies to actions such as this plaintiff's.

■ Plaintiff's action, to the extent that it might otherwise be maintainable under the waiver of immunity provided by 28 U.S.C.A. § 1346(a) (2), being in essence one for the recovery of fees, salary or compensation for official services of an officer or employee of the United States, within the contemplation of 28 U.S.C.A. § 1346(d) (2), is not within this Court's jurisdiction. Accordingly, the motion of the defendant for its dismissal must be granted, and the action is hereby dismissed.