**John TOSCANO, Plaintiff,**

v.

**Otto K. OLESEN, Individually and as Postmaster of the City of Los Angeles, State of California, and Donald Schoof, individually and as Postal Inspector of the City of Los Angeles, County of Los Angeles, State of California, Defendants.**

**No. 560-60-Y.**

United States District Court
S. D. California,
Central Division.
Nov. 23, 1960.

Brock, Fleishman & Rykoff, by Stanley Fleishman, Hollywood, Cal., for plaintiff.

Laughlin E. Waters, U. S. Atty., by Frederick M. Brosio, Jr., Asst. U. S. Atty., Los Angeles, Cal., for defendant.

YANKWICH, District Judge.

The motion of the defendant Donald Schoof for summary judgment, filed on October 28, 1960, heretofore argued and submitted is now decided as follows:

The said motion is hereby granted upon the ground that it appears from the pleadings and affidavits on file that

"there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Rule 56(c), Federal Rules of Civil Procedure, 28 U. S.C.A.

The Court approves the form of Findings and judgment lodged on October 28, 1960, by the defendant and has signed and caused the same to be filed this day. *They are printed at the end of this opinion as Appendix A.*

Costs to the defendant.

### Comment

A study of the complaint in the light of the affidavits presented by the remaining defendant, Donald Schoof, leads to the conclusion that the defendant Schoof acted in his official capacity and that he is immune from a civil action for damages, regardless of intent or motive.

The complaint does not state a claim either under the Civil Rights Stat-ute (42 U.S.C.A. § 1985); nor does it state a claim arising under the Constitution or laws of the United States. (28 U.S.C.A. § 1331). This for the reason that the defendant, as a postal inspector, is immune to suit for acts alleged to have been committed by him in assisting a deputy Marshal of the United States in serving a warrant of arrest on the plaintiff and in making a search and seizure incidental to the arrest.

From the many cases which apply these principles to the acts of various officers of the United States, from judges down, we cite the following: Alzua v. Johnson, 1912, 231 U.S. 106, 107, 110–111, 34 S.Ct. 27, 58 L.Ed. 142; Weeks v. United States, 1914, 232 U.S. 383, 398, 34 S.Ct. 341, 58 L.Ed. 652; Barr v. Matteo, 1959, 360 U.S. 564, 570–573, 79 S.Ct. 1335, 3 L.Ed.2d 1434; Cooper v. O'Connor, 1939, 71 App.D.C. 6, 107 F.2d 207, 209–210; Gregoire v. Biddle, 2 Cir., 1949, 177 F.2d 579, 580–581, (quoted from, with approval, in the opinion of the court in Barr v. Matteo, supra, 360 U.S. 571–572, 79 S.Ct. 1335); Francis v. Lyman, 1 Cir., 1954, 216 F.2d 583, 586–587; Dunn v. Gazzola, 1 Cir., 1954, 216 F.2d 709, 711; Johnston v. Earle, 9 Cir., 1957, 245 F.2d 793, 794–795; O'Campo v. Hardisty, 9 Cir., 1958, 262 F.2d 621, 624–625; Stift v. Lynch, 7 Cir., 1959, 267 F.2d 237; Truitt v. State of Illinois, 7 Cir., 1960, 278 F.2d 819. See the excellent opinion of our colleague, Judge William C. Mathes in Bell v. Hood, D.C.Cal., 1947, 71 F.Supp. 813.

The extent of the absolute immunity of the individual officer from suit was stated in a late case by the Court of Appeals for the Ninth Circuit in this manner:

"This absolute defense (immunity to suit) is available in actions brought under the Civil Rights Act, however much the confinement complained of may have been in violation of constitutional rights." John v. Gibson, 1959, 270 F.2d 36, 39.

The analogy sought to be drawn by counsel for the plaintiff from English

precedents is of no assistance. English precedents may help establish common law principles. But, unless enacted into law by the Congress or derived by American courts from accepted constitutional principles, they do not create federally protected rights.

■ Assuming that the plaintiff might have a cause of action under state law, such as Section 3281 of the California Civil Code, which allows a person to recover for the detriment suffered "from the unlawful act" of another, the matter is not cognizable in this court in the absence of diversity. 28 U.S.C.A. § 1332(a) (1).

Hence the ruling above made.

### Appendix A

### Findings of Fact and Conclusions of Law, and Summary Judgment.

The above entitled matter having come on regularly for hearing on the Motion for Summary Judgment of defendant, Donald Schoof, on November 21, 1960, before the Honorable Leon R. Yankwich, United States District Judge, Stanley Fleishman having appeared as counsel for the plaintiff, John Toscano; Laughlin E. Waters, United States Attorney, Richard A. Lavine, Assistant United States Attorney, Chief of Civil Division, Frederick M. Brosio, Jr., Assistant United States Attorney, by Frederick M. Brosio, Jr. having appeared as counsel for the defendant, Donald Schoof, individually and as Postal Inspector; affidavits having been submitted; and the matter having been argued orally and upon written memorandum; and the Court being fully advised in the premises the Court makes the following Findings of Fact, Conclusions of Law and Order:

### Findings of Fact

#### I

The defendant, Donald Schoof, is a Postal Inspector employed by the United States Post Office Department, more specifically by the Bureau of the Chief Postal Inspector, Washington, D. C.

#### II

The plaintiff, Joseph Toscano, was indicted by the Grand Jury in the United States District Court for the Northern District of Texas as John Joseph Toscano, Jr., doing business as Productions Unlimited, box 46588 West Branch and Occupant 8691 Melrose Avenue, both at Hollywood 46, California. Plaintiff was charged in the indictment with five counts of violating 18 U.S.C. Section 1461 in that he had used the mails to give information where obscene matter might be obtained.

#### III

A warrant for arrest of plaintiff on these charges, Amarillo Texas Warrant No. 11236, was issued and sent to the United States Marshal for the Southern District of California with a copy of the indictment.

#### IV

On May 12, 1960, the defendant, Inspector Donald Schoof, and two other Postal Inspectors accompanied Deputy United States Marshal Charles Ross to 8691 Melrose Avenue, where Deputy Ross placed the plaintiff under arrest, pursuant to the warrant of arrest described in Paragraph III above. The postal inspectors assisted in the arrest by identifying plaintiff to Deputy Ross and watching the other exits.

#### V

The arrest of plaintiff by Deputy Ross was a valid and proper arrest pursuant to a valid, proper and outstanding warrant.

#### VI

Subsequent to plaintiff's arrest the defendant herein, Postal Inspector Donald Schoof, with the aid of the other two postal inspectors, and in the presence of the Deputy United States Marshal and the plaintiff, assembled the material found in the office at 8691 Melrose Avenue, Hollywood 46, California, the place of plaintiff's mail order business.

#### VII

■ The conduct of investigations involving the mailing of obscene and other

unmailable matter, the gathering of evidence to be used in the prosecution of violations of the postal laws involving obscenity, and cooperating with federal prosecuting attorneys in the prosecution of such violations were within the scope of defendant's authority as a federal officer on May 12, 1960.

### VIII

Subsequent to the promulgation of the order of this Court on June 29, 1960, all of the material seized in the search and seizure of May 12, 1960 which had not heretofore been returned to plaintiff was sent out of the jurisdiction of this Court to the United States Attorney for the Northern District of Texas.

### IX

The citizenships of plaintiff and defendant herein, Donald Schoof, the only parties to this action, are not diverse.

From the foregoing Findings of Fact, the Court makes the following Conclusions of Law:

### Conclusions of Law

### I

The acts of the defendant, Donald Schoof, in searching and seizing plaintiff's business premises on May 12, 1960 were acts performed within the scope of defendant's authority and under the color of his office as a United States Postal Inspector.

### II

The defendant, Donald Schoof, is immune from liability for his act in searching and seizing plaintiff's business premises on May 12, 1960 subsequent to plaintiff's arrest.

### III

No valid ground for jurisdiction of the subject matter of plaintiff's complaint arising under the Constitution, laws or treaties of the United States is alleged in plaintiff's complaint.

### IV

This Court is without federal question jurisdiction of the subject matter of plaintiff's complaint.

### V

This Court is without jurisdiction of the subject matter of plaintiff's complaint on the basis of diversity of citizenship.

### VI

Plaintiff's complaint in equity is now moot.

### VII

Plaintiff's Complaint for Injunction and Damages should be dismissed with prejudice.

The Court having made its Findings of Fact and Conclusions of Law now gives Judgment as follows:

### Judgment

Good Cause Appearing Therefor, it is Hereby Ordered, Adjudged and Decreed that plaintiff's Complaint for Injunction and Damages filed herein be and hereby is dismissed with prejudice; defendant Donald Schoof to have his costs.