Mary KESSLER, Plaintiff,

v.

GENERAL SERVICES ADMINISTRATION, United States Civil Service Commission, Arthur. Miller, Harold Moss, Martin D. Freier, Leo Kurtzberg, Defendants.

United States District Court
S. D. New York.
March 27, 1964.

Mary Kessler, pro se.

Robert M. Morgenthau, U. S. Atty., for Southern District of New York, for defendants; Philip H. Schaeffer, Asst. U. S. Atty., of counsel.

McLEAN, District Judge.

This is an action for back pay, injunctive relief, damages and other relief against the Civil Service Commission, the General Services Administration ("GSA") and four of the latter's employees. At all times relevant to the complaint plaintiff was an employee of GSA and her claims arise out of such employment.

Defendants move for summary judgment on all of plaintiff's claims. There are no opposing papers. I will consider each of plaintiff's claims separately.

Plaintiff devotes the body of her complaint to setting forth facts relating to her suspension from the service of GSA for ten days, from October 15 to October 26, 1962. From plaintiff's complaint and from defendants' papers filed on this motion, the following facts appear:

On June 6, 1962 plaintiff's immediate supervisor, defendant Kurtzberg, handed plaintiff a "Record of Infraction." This record contained eight attachments which set forth various charges of other GSA employees regarding plaintiff's behavior. These charges fell into two categories: (1) plaintiff was insulting and abusive to her fellow employees, (2) plaintiff refused to take directions from her supervisors and insisted on doing things in her own way. Plaintiff was requested to fill out an "Employee's Statement" attached to the record.

On June 11 plaintiff replied in writing to these charges. She denied the charges generally, claimed that they were not made in good faith, and that she was being "singled out for abuse and improper treatment." She asked that the Record of Infraction be dismissed.

On June 29, GSA's Acting Director of Regional Manpower Resources notified plaintiff by letter that GSA proposed to suspend her "from duty and pay" for ten days. This letter set forth the charges contained in the Record of Infraction and stated that the proposed suspension was based on these charges. The letter concluded:

"You may answer these charges both personally and in writing to me within ten (10) calendar days from date of this letter. You may also submit affidavits in support of your answer. Full consideration will be given to any answer you may make.

"As soon as possible after your answer is received, or after the expiration of the ten day time limit, if you do not reply, a written decision will be forwarded to you. You are to remain on active duty until a final decision in this matter is reached."

On July 6 plaintiff submitted detailed answers in writing to the charges. She denied two of the charges and offered explanations for the others. Plaintiff also requested a hearing on these charges.

There followed a series of letters in which GSA attempted to satisfy plaintiff's demands for a hearing. On August

the Acting Regional Administrator of GSA wrote plaintiff listing three GSA employees whom he had "tentatively selected" for a hearing committee. He stated:

"Please let me know within seven days whether or not you have any objections to any of the above named employees serving on the committee, or if you wish to name another employee in lieu of one of the three listed."

On August 6 plaintiff responded with a counterproposal that the Acting Regional Administrator submit to her the names of twelve persons from whom a panel of three could be selected. Plaintiff said that she would select one person from the twelve, GSA another, and that these two would select the third.

On August 14 the Regional Administrator of GSA, defendant Miller, replied, stating that he was sorry that plaintiff had not seen fit "to accept the proposed committee members as named or to recommend revisions thereto in order to avoid any further delay of your hearing." Nevertheless, Miller enclosed the names of twelve employees pursuant to plaintiff's request, and stated that GSA had already selected one of the twelve to be a member of the hearing committee.

Plaintiff replied by letter on August 16, objecting to seven of the twelve employees on the ground that they were prejudiced. She requested that seven more names be submitted to her.

On August 23 Miller replied to this letter, denying that any of the twelve employees were prejudiced and asking plaintiff to select one of the five employees to whom she had not objected for the hearing committee.

On August 28 plaintiff rejected Miller's request, stating that she thought it was "impracticable" to select even one employee from the twelve. She stated that in her years with GSA a "wall of hostility" had been built up against her and she requested that the hearing be referred to some other federal agency where she had never been employed.

Miller replied on September 13. He wrote plaintiff that there was no regulatory requirement for offering her a hearing prior to an initial decision to suspend, that GSA's efforts to provide a hearing were prompted by its desire to afford plaintiff "every consideration," and that if plaintiff still wished to select a hearing committee member, she should notify him by September 17. However, Miller stated, if plaintiff could not make such a selection, then "we have no alternative but to conform to our usual procedure." Miller concluded by saying that plaintiff should make any further personal or written reply to the charges against her within ten days from the date of his letter. Plaintiff never answered this letter.

On October 2, 1962, GSA's Acting Director of Regional Manpower Resources informed plaintiff of the decision to suspend her from October 15 to October 26, 1962 "for the charges enumerated in my June 29, 1962 letter." The Acting Director stated that this decision had been reached on the basis of "the evidence on record," and after careful consideration of plaintiff's answer of July 6, 1962. This letter also stated that plaintiff had a right to appeal to the Administrator of GSA, and to make a personal presentation of the appeal before a committee.

The Acting Director also informed plaintiff that she had a right of appeal to the Civil Service Commission, but that the Commission would not pass on the sufficiency of the reasons for plaintiff's suspension, but would only consider (1) whether GSA had followed proper procedures and (2) whether the suspension resulted from discrimination. The Acting Director noted that plaintiff could appeal to the General Services Administrator and the Civil Service Commission concurrently. He concluded by telling plaintiff that she could obtain additional information about her appeal rights from his office.

Plaintiff, represented by an attorney, appealed to the Civil Service Commission, New York Region, but did not file an appeal with the Administrator of GSA. In her appeal before the Commission, plaintiff contended that GSA had followed improper procedures in suspending her and she demanded a hearing. On October 26 the Director of the New York Region of the Civil Service Commission informed plaintiff that the Regional Office had denied her appeal. In his letter, the Regional Director analyzed the procedures which GSA had employed and held that these procedures did not violate either the regulations of GSA or those of the Civil Service Commission. He wrote:

"Since our review has disclosed no violation of your rights under the Regulations of your agency and the Commission, your appeal is denied. As to your request for a hearing before the Commission, this office has no jurisdiction to consider the merits of the reasons for your suspension and, in the absence of any issues of fact, we find no basis for an oral hearing herein."

The Director also informed plaintiff that an appeal from this decision could be submitted to the Chairman of the Board of Appeals and Review of the Civil Service Commission in Washington.

Plaintiff, by her attorney, submitted this appeal. On November 15 the Board of Appeals and Review affirmed the decision of the New York Regional Office. The Board again analyzed the procedures followed by GSA and rejected plaintiff's claim of impropriety. The Board denied plaintiff's request for a hearing on the ground that the regulations did not provide a right to such a hearing.

Plaintiff asks that this court review her suspension and award her back wages of $200. The statute provides in relevant part:

"No person in the classified civil service of the United States shall be removed or suspended without pay therefrom except for such cause as will promote the efficiency of such service and for reasons given in writing. Any person whose removal or suspension without pay is sought shall (1) have notice of the same and of any charges preferred against him; (2) be furnished with a copy of such charges; (3) be allowed a reasonable time for filing a written answer to such charges, with affidavits; and (4) be furnished at the earliest practicable date with a written decision on such answer. No examination of witnesses nor any trial or hearing shall be required except in the discretion of the officer or employee directing the removal or suspension without pay." (5 U.S.C. § 652(a)).

■ It is well settled that the court will not examine into the merits of the discharge or suspension of employees in the executive branch of government, but will inquire only whether the procedure which was followed satisfied the applicable statute and regulations. Angilly v. United States, 105 F.Supp. 257 (S.D. N.Y.1952), affirmed, 199 F.2d 642 (2d Cir. 1952); Green v. Baughman, 100 U. S.App.D.C. 187, 243 F.2d 610 (1957), cert. denied, 355 U.S. 819, 78 S.Ct. 25, 2 L.Ed.2d 35 (1957); Keyton v. Anderson, 97 U.S.App.D.C. 178, 229 F.2d 519 (1956).

■ It is clear that the statutory requirements set out above were satisfied in the present case. At the time disciplinary action was initiated against plaintiff, the applicable regulations of the Civil Service Commission were found in 5 C.F.R. §§ 9.101–9.108. On July 1, 1962, these sections were revoked and replaced by 5 C.F.R. §§ 22.301–22.304. The old and the new regulations are substantially the same, and the procedures followed by GSA in the present case fulfilled the requirements of both.

■ In accordance with these regulations, plaintiff was given notice in the October 2 letter from GSA's Acting Director of Regional Manpower Resources of (1) the reasons for the adverse action

taken against her, (2) the effective date of that action, (3) her right of appeal to the Civil Service Commission and the time limit within which such appeal was to be submitted. 5 C.F.R. § 9.102(a) (1) (i); 5 C.F.R. § 22.302(c). Furthermore, as is clear from the June 29 letter to her, plaintiff was maintained on active duty during the period of notice prior to the effective date of her suspension. 5 C.F.R. § 9.102(a) (1) (ii). Nor was any right of plaintiff violated because of the failure of plaintiff and GSA to agree on a hearing committee. The old regulations specifically provided that an employee, once informed of the charges against him and given a chance to answer those charges, "shall not, however, be entitled to an examination of witnesses, nor shall any trial or hearing be required except in the discretion of the agency." 5 C.F.R. § 9.102(a) (1) (i). The new regulations are silent in regard to a hearing for a suspension of thirty days or less, but specifically provide that there is no right to a formal hearing when the suspension is for more than thirty days. 5 C.F.R. § 22.202(b).

The Regional Office and the Board of Appeals and Review of the Civil Service Commission acted according to the regulations in limiting their review of plaintiff's suspension to the procedures followed by GSA. 5 C.F.R. § 9.106; 5 C.F.R. § 22.304(b). It is apparent from their letters of October 26 and November 15 that both these bodies carefully analyzed GSA's actions and plaintiff's claims of irregularity before reaching their decisions.

GSA also acted in accordance with the procedures prescribed in its own regulations. Plaintiff's suspension was effected by GSA's chief regional personnel officer, its Acting Director of Regional Manpower Resources, in accordance with Part 8, Section 2, Paragraph 109(d) of GSA Personnel Manual. Plaintiff was also properly notified of her right to appeal to the Administrator from the decision to suspend her, her right to make a personal presentation before a committee on this appeal, and the

time within which the appeal had to be filed. Part 9, Section 4 of GSA Personnel Manual. Plaintiff, however, never filed such an appeal. The GSA Manual, like the statute and the Civil Service Commission regulations, does not provide for a mandatory hearing prior to the initial decision of suspension.

I conclude, therefore, that the procedures followed in suspending plaintiff in October 1962 satisfied all the requirements of the statute and regulations and that plaintiff has no claim for relief arising from that suspension.

Plaintiff asserts her remaining claims in her prayer for relief. She sets forth no facts in support of these claims. The facts relating to these claims appear from defendants' papers filed on this motion.

Plaintiff asks that her "Employee Performance Appraisal" dated April 23, 1962 be changed to "A" rating on all four factors. Plaintiff objects to her rating of "E" (uncooperative and causes friction) under Factor III, "Personal Qualities." Because of her low rating on this factor, plaintiff was given an overall "Official Performance Rating" of "Satisfactory" rather than "Outstanding."

In his affidavit, Charles J. Dullea, Appeals Examiner of the United States Civil Service Commission, New York Region, states that plaintiff never sought an administrative review of her performance rating in accordance with the provisions of 5 U.S.C. § 2006. This statement is uncontradicted. Plaintiff's failure to pursue her administrative remedy precludes resort to this court on this claim. McDougall v. United States, 149 F.Supp. 651, 138 Ct.Cl. 90 (1957).

Plaintiff also seeks judicial review of her reduction in grade from GS-5 to GS-4 in February 1958 and seeks to recover $500 in lost wages resulting from this reduction. At the time that GSA took this action, plaintiff appealed in accordance with the administrative procedures. On July 3, 1958, the Board of Appeals and Review of the Civil Service Commission affirmed the agency ac-

tion. Plaintiff has thus exhausted her administrative remedies.

■ Despite the fact that plaintiff was represented by counsel in the administrative proceedings, she has not sought judicial review of her grade reduction until now, some five years later. Plaintiff is thus barred by laches from obtaining such a review. United States ex rel. Arant v. Lane, 249 U.S. 367, 39 S.Ct. 293, 63 L.Ed. 650 (1919); Drown v. Higley, 100 U.S.App.D.C. 326, 244 F. 2d 774 (1957).

■ Plaintiff seeks damages of $1,000,000 for "injury to health and deprivation of happiness" from 1952 to the date of her complaint. Plaintiff's claim for damages against the individual defendants is not based on federal law. Plaintiff does not allege diversity of citizenship and it appears from the affidavits that diversity does not in fact exist. Therefore, this court lacks jurisdiction. Kessler v. Kurtzberg et al., 237 F.Supp. 122, Memorandum Opinion by Tyler, J., 1962 (S.D.N.Y.); Toscano v. Olesen, 189 F.Supp. 118 (S.D.Calif.C.D. 1960).

■ The Civil Service Commission and General Services Administration are instrumentalities of the United States Government and as such are immune from suit in the absence of congressional authorization. It is clear that Congress has not authorized suit against them. Blackmar v. Guerre, 342 U.S. 512, 72 S. Ct. 410, 96 L.Ed. 534 (1952); New Haven Public Schools v. General Services Administration, 214 F.2d 592 (7th Cir. 1954). Therefore, this court has no jurisdiction of plaintiff's claim for damages.

Finally, plaintiff asks that an injunction be issued restraining defendants "from further statements of libel and further molestation or interference with plaintiff's performance of her work assignments."

■ As a general rule, a court will not issue an injunction to restrain torts against the person, since the remedy at law is adequate. 4 Pomeroy, Equity Jurisprudence, § 1347 (5th Ed. Symons, 1941).

■ Plaintiff does not set forth any facts in her complaint which could conceivably serve as the basis for injunctive relief. Moreover, GSA has provided an administrative proceeding for the presentation and hearing of grievances such as "dissatisfaction with any aspect of working conditions or environment" and "complaints of unfair treatment by supervisors." Part 9, Section 2 of GSA Personnel Manual. Plaintiff has never availed herself of these administrative procedures and thus is precluded from resort to this court. McDougall v. United States, supra.

Defendants' motion for summary judgment is granted.

So ordered.